NORTHERN INDIANA AND SOUTHERN MICHIGAN TELEPHONE, TELEGRAPH AND CABLE COMPANY *v.* PEOPLE'S MUTUAL TELEPHONE COMPANY OF LAGRANGE ET AL.

[No. 23,088. Filed April 4, 1918. Rehearing denied June 26, 1918.]

1. PUBLIC SERVICE COMMISSION. — *Jurisdiction.* — *Procedure.* — *Presumptions.*—All presumptions are indulged in favor of the jurisdiction and regularity of the procedure of the Public Service Commission. p. 491.

2. CONSTITUTIONAL LAW.—*Contracts.*—*Telephone Companies.*— Contracts between telephone companies, though valid, do not prevent the state from exercising its power to provide for the people's welfare, even though such provision may render such contracts partially or wholly ineffective. p. 492.

3. TELEGRAPHS AND TELEPHONES.— *Regulation.*— *Contracts.*—A contract for the exclusive transmission of messages between a local and a long distance telephone company which can be terminated in thirty days is not sufficient ground for a permanent injunction against the enforcement of an order of the Public Service Commission granting to another local company, with 1,500 subscribers, the right to connect with the long distance company. p. 492.

4. PLEADING.—*Conclusions.*—While the pleading of conclusions is somewhat justified by recent statute, the practice of pleading conclusions should not be encouraged. p. 493.

5. TELEGRAPHS AND TELEPHONES.—*Regulation.*—*Competition.*— The fact that a local telephone company with long-distance connections will be subjected to competition is not sufficient reason to enjoin an order of the Public Service Commission

## MAY TERM, 1918. 487

Northern, etc., Cable Co. *v.* People's, etc., Tel. Co.—187 Ind. 486.

granting to another local company the right to connect with the long-distance company. p. 493.

6. TELEGRAPHS AND TELEPHONES.—*Regulation.—Connections.— Competing Companies.*—To require a local telephone company, with 1,500 subscribers, desiring long-distance service to connect with the long-distance company through a competing local company, would not be an arrangement in the interest of public welfare. p. 494.

7. TELEGRAPHS AND TELEPHONES. — *Regulation. — Remedies.* — That an order of the Public Service Commission allowing a local telephone company to connect with a long-distance company would interfere with the service of a competing local company, already connected, is a mere detail subordinate to the public welfare, to be modified on petition and not by injunction. p. 495.

8. TELEGRAPHS AND TELEPHONES. — *Rulings of Commission. — Remedies.*—The proper practice requires that a telephone company aggrieved by an order of the Public Service Commission should submit its grievance to the commission by a motion to modify before an appeal to the courts, where all the issues determined by the commission are open for retrial. p. 496.

9. TELEGRAPHS AND TELEPHONES.—*Regulations.—Orders.—Motive of Applicant.*—Where a telephone company filed a lawful petition for an order to be granted only after a hearing, and the proceedings were regular as to all parties affected, the motive of the company in filing the petition is immaterial in an action by a competitor to enjoin enforcement of the order. p. 496.

10. PLEADING.—*Dismissal of Complaint After Overruling Demurrer.*—The dismissal by the court of a complaint after a demurrer to it had been overruled and a general denial filed thereto was error, as the complaint was sufficient as it then appeared of record and the issue raised should have been tried. p. 497.

From LaGrange Circuit Court; *James Story Drake,* Judge.

Action by the Northern Indiana and Southern Michigan Telephone, Telegraph and Cable Company against the People's Mutual Telephone Company of LaGrange and the Home Telephone and Telegraph Company of Fort Wayne and the Public Service Commission of Indiana. From a judgment for defendants, the plaintiff appeals. *Reversed in part and affirmed in part.*

488    SUPREME COURT OF INDIANA,

Northern, etc., Cable Co. *v.* People's, etc., Tel. Co.—187 Ind. 486.

*T. E. Ellison* and *Hanan, Watson & Hanan,* for appellant.

*L. A. Foster* and *F. J. Dunten,* for appellees.

HARVEY, J.—The Home Telephone and Telegraph Company, of Fort Wayne, an appellee herein, may be described, for the purposes of this case, as a long-distance telephone company, having lines reaching numerous points in Indiana and adjacent states. The Northern Indiana. and Southern Michigan Telephone, Telegraph and Cable Company, appellant, may for like purposes be described as a. company doing a local business at LaGrange, Indiana, and its vicinity, and having a contract with said Home company for long-distance. service over the latter's lines. This contract is, in terms, exclusive, in that all of the Home-company's long-distance messages to LaGrange and vicinity are to be communicated through the Northern company's exchange at LaGrange; and all the Northern company's long-distance messages are to be communicated over the lines of the Home company. The People's Mutual Telephone Company of LaGrange has an exchange in LaGrange with which are connected several exchanges located in towns of LaGrange county, owned and operated by other local companies, and all interested in the People's company. The latter exchanges have lines radiating in all directions and serving their respective neighborhoods. The People's company thus serves about 1,500 patrons, but had at the time hereinafter mentioned no long-distance connections; and, desiring such long-distance connections, the People's company petitioned the Public Service Commission of Indiana for an order providing that the exchange of the People's company be connected with the long-distance lines of the Home company. The Northern company, being notified of said petition, appeared before the commission and

filed a cross-petition protesting against the granting of said petition and asking that the People's company be required to do its long-distance business through the Northern company's exchange in LaGrange. After a hearing, the commission on August 4, 1911, entered an order reciting the foregoing facts; and, in addition thereto, that public convenience and necessity required that physical connection be made between the Home telephone company's lines at the town of LaGrange and the People's system of lines; that such physical connection can be made without substantial detriment or irreparable injury to the Home telephone company, or the users of its equipment. That the Home telephone company shall provide for and make, at the expense of the People's company, such physical connection and furnish long-distance service; and that the Home company shall file with the commission, subject to its approval, a schedule of rates and charges for such service. The commission further found and adjudged that the systems of poles and lines of the People's company and its connecting lines are not maintained at a proper standard of efficiency; and that before such physical connection is made, the People's company and its connecting companies shall repair and improve their said systems of lines and poles, and change all grounded lines to metallic circuits; and that after an inspection has been made by the commission, it will issue a certificate of approval, if found in satisfactory condition; and that physical connection shall be made within ten days after the commission shall issue its certificate of approval of the condition of the lines. The petition further ordered that the cross-petition of the Northern Indiana company be in all things denied. The commission's order provided that it should be in effect for a period of five years; the commission, however, reserved the right,

either on its own motion or the complaint of any interested party, to modify or set the same aside.

Thereafter appellant filed in the court below a complaint in two paragraphs, asking that the judgment of the commission be so modified as to order that the long-distance connection of the People's company with the Home company be made through the exchange of appellant at LaGrange, and asking an injunction preventing the commission, the People's company, and the Home company, from doing anything to carry out the order of the commission without recognizing the rights of appellant. The second paragraph of this complaint contains more specific and detailed allegations of substantially the facts stated in the first paragraph. The commission and the People's company, defendants to said complaint, each demurred to each paragraph thereof. Said demurrers were sustained and judgment rendered thereon in favor of each of said defendants as against appellant. From this judgment this cause was brought here on appeal, and the appeal was dismissed by this court, for the reason that the cause in the court below had not been entirely disposed of but was pending and undetermined as to the Home company, the third defendant. *Northern, etc., Cable Co.* v. *Peoples Mut. Tel. Co.* (1915), 184 Ind. 267, 111 N. E. 4. The court below thereupon overruled the demurrer of the Home company to each paragraph of complaint. The Home company answered the complaint by a denial, and the cause was submitted for trial; whereupon the court announced that no remedy, under the circumstances, could be granted appellant as against the Home company, and the court dismissed said cause as to the Home company.

The errors now assigned are: The sustaining of the demurrers of the commission and of the People's company to the complaint; the dismissal of the cause against

the Home company; and the overruling of the appellant's motion to modify the order of dismissal.

The complaint alleges that there is manifest error in the proceedings of the commission, and that the commission improperly and wrongfully made and entered the order. The complaint does not point out any lack of jurisdiction in the commission, nor any irregularity in its procedure. All presumptions are indulged in favor thereof. *Pittsburgh, etc., R. Co.* v. *Railroad Commission* (1908), 171 Ind. 189; 86 N. E. 328.

The complaint, by indefinite allegation, attacks the corporate existence and organization of the People's company and some of its associated and connected companies and alleges that none of said companies has issued any capital stock, or has "means," and says that neither the persons nor companies in said aggregation constitute or operate a public utility; that they are not authorized so to operate in serving the general public, which has at all times been excluded from service.

Waiving all question of the right of appellant to thus question the corporate existence, powers or authority of any of said companies, we find sufficient in the complaint to overcome said allegations. The complaint embodies appellant's answer filed with the commission, wherein appellant alleges that the People's company and several of its connecting local organizations are incorporated under the laws of Indiana, and states details of organization and the purposes thereof. The complaint alleges that the People's company has a franchise from the town and county of LaGrange; that it and its associates are competitors of appellant, and have sought and received, and transmitted for hire messages that would otherwise have been transmitted over appellant's lines. Thus it appears that the People's company and its as-

sociate companies are, for the purpose of this case, corporations authorized and offering to perform public utility service. The complaint alleges sufficient facts to show that the appellant was a proper party to the proceeding before the commission, and entitled to appeal from a decision of the commission. The question then is whether the order of the commission should stand and be enforced in view of the facts presented by the complaint on appeal therefrom.

A point made on demurrer is that the alleged contracts between appellant and the Home company, whereby appellant claims an exclusive right to receive and transmit all long-distance messages between Fort Wayne and LaGrange are monopolistic, and therefore void.

Such contracts, as between the parties thereto, may or may not be valid, but, if valid, they do not prevent the state from exercising its power to provide for

2. the welfare of the people, even though such provision may render such contracts partially or wholly ineffective. See authorities cited to this point in *Winfield* v. *Public Service Commission* (1917), *ante* 53 118 N. E. 531.

It further appears by the complaint that said contracts may be terminated by either party thereto upon thirty days' notice. Therefore, it is not mate-

3. rial that we decide whether such contracts are monopolistic and therefore void; it is sufficient to state here that said contracts and the rights which appellant asserts based thereon, as appears from the complaint, are not sufficient to make said complaint good as against the commission for a permanent injunction. Such a contract, because of its own limitations and in view of the state's said power, cannot be used as a foundation for a permanent injunction against an order providing for long-distance telephone connection in the

MAY TERM, 1918. 493

Northern, etc., Cable Co. *v.* People's, etc., Tel. Co.—187 Ind. 486.

interest of 1,500 subscribers to another telephone company having no telephone connections.

Appellant's claim that it will be irreparably injured if the commission's order is enforced cannot, in view of what appears in its complaint, be sustained. No facts are alleged leading to this conclusion, but rather to a contrary conclusion. While the pleading of conclusions is somewhat justified by our recent statute, the practice of pleading conclusions should not be encouraged. The justification may be, and is in this case, dispelled by specific facts alleged in the complaint.

The claim of appellant, when analyzed and reduced to its substance, is that appellant will be subjected to competition in its long-distance business. This, alone, is not a reason for preventing the enforcement of the commission's order. Something more than the individual interests of two contestants must appear before the state is warranted in interfering to prevent or to permit competition. Appellant does not allege facts showing that it has a property right or vested interest in its long-distance contract superior to the state's power, exercised by the commission, to interfere therewith for the public good. The complaint does not allege an investment in long-distance equipment under circumstances or sufficient to have that effect. For all that appears in the complaint, the payment by appellant to the Home company of a small sum per year, and the obligation of appellant to assist in the maintenance and repair of certain lines belonging to the Home company, may be treated as rental for the right to use the line, which right may be terminated at any time within thirty days. All other investment of the appellant company in long-distance exchange would, so far as appears by the complaint, have been necessary for long-distance purposes whether ap-

494    SUPREME COURT OF INDIANA,

Northern, etc., Cable Co. *v.* People's, etc., Tel. Co.—187 Ind. 486.

pellant's connection be made with the Home company or with some other company, and independent of the existence or nonexistence in LaGrange of a competitor.

Appellant's allegations that it has local lines and exchanges in several of the communities served by the People's company, and allegations as to appellant's preparation and willingness to furnish all such localities with long-distance service, are of little force when the complaint does not negative the fact that the 1,500 subscribers of the People's company would be compelled either to install appellant's instruments, or leave their places of business or their homes in order to use appellant's instruments elsewhere located. This is not regarded as sufficient to exclude other companies from connections enabling a more constant and convenient opportunity for long-distance service. *Tillamook County M. T. Co.* v. *Pacific T. & T. Co., Public Utilities Rep.* 1917D 1. The allegations of the complaint are not sufficient to show that the Home company's long-distance wires will be so overtaxed or the use thereof so complicated by the long-distance connection granted by the commission to the People's company as to materially interfere with or destroy appellant's long-distance service.

That the long-distance wires are sufficient to accommodate all long-distance messages to or from all patrons of both appellant and the People's company is evident from the allegation that all long-distance messages originating on the lines of the People's company will be properly served, providing the exchange of the People's company in LaGrange is connected with appellant's exchange in LaGrange, and such messages transmitted through the latter. Even so, this would subject the long-distance business of the People's company to the management of its competitor, and the commission may very properly have considered, as this

MAY TERM, 1918.    495

Northern, etc., Cable Co. *v.* People's, etc., Tel. Co.—137 Ind. 486.

court considers, this not a desirable arrangement for public welfare. Such a connection would also subject the People's company to the contingency of a termination of the contracts of the Northern company with the Home company.

The claim of appellant that the connection of the People's company with the Home company's lines will cause confusion and delay in appellant's business, 7. by reason of anticipated efforts by the People's company to use the long-distance wires, when in the use of or needed by appellant, is not supported by the complaint. The complaint alleges and the record shows that the Home company has more than one circuit connecting its exchange in Fort Wayne with LaGrange, and does not negative the fact that more can be strung. Furthermore, the complaint sets out the order of the commission, which does not require the use by the People's company of the present, or any specified wires, and does provide that the People's company shall pay all the expense of making the ordered connection with the Home company. If it be a fact that the present order, as is claimed by appellant, requires that the connection be made to the present wires of the Home company used by appellant and that this will materially interfere with appellant's service, this is a mere detail, subordinate to the greater question of the public welfare involved, and the commission's order as to such details can be modified on petition as the order and the statute expressly provide. *Chicago, etc., R. Co.* v. *Railroad Commission, etc.* (1911), 175 Ind. 630, 95 N. E. 364. Appellant has asked no such modification, and has thus subjected itself to a holding that it has not exhausted its remedies before the commission.

In this connection, we may say that proper practice requires that an aggrieved party should submit his grievance to the commission by a motion to modify, and

496    SUPREME COURT OF INDIANA,

Northern, etc., Cable Co. v. People's, etc., Tel. Co.—187 Ind. 486.

thus obtain a ruling in advance of an appeal
8. to the circuit or superior court, which appeal
opens for retrial all the issues and questions de-
termined by the commission. Appellant alleges that
the poles, instruments and equipment generally of the
People's company and its associate companies are not
sufficient for use in long-distance service and that a con-
nection therewith would be to the disadvantage of all
other lines therewith connected. The complaint, how-
ever, also alleges that the commission so found, and that
therefore the commission postponed the right to make
such physical long-distance connection with the Home
company's lines until the People's company had reme-
died all such defects, and until the commission had later
inspected and granted a certificate to that effect. This
removes the strength of said allegations, even though it
should be found from the complaint that these facts con-
cerned the appellant.

It is alleged in the complaint that the People's com-
pany is not acting in good faith, but is seeking only to
injure and destroy the business and property
9. rights of appellant. The complaint, on the con-
trary, shows that the People's company filed a
lawful petition for an order to be granted only after a
hearing. The complaint alleges that such a hearing
was had of all parties affected and an order entered;
and, as before stated, no irregularity is alleged. Hence,
whatever the motive of the People's company in assert-
ing and petitioning for that which might be legally
granted, that motive cannot be influential here.

This complaint does not present facts showing one
company in LaGrange in business, and another asking
a franchise to establish a competitive business. The
complaint rather shows two companies in business and
in competition in LaGrange, each having a franchise;
and one having long-distance arrangements for the ac-

commodation of its patrons and the public, and the óther lacking long-distance arrangements and desiring same for the accommodation of its patrons and the public. So far as this appellant is concerned, nothing appears in the complaint justifying a denial of this desire, unless it be purely a matter of competition. Decisions of courts and rulings of commissions holding that under some circumstances a duplication of investment and plant will not be permitted are not in point. The duplication of investment and plant and competition here exist to a material extent. The question is whether the 1,500 patrons of one of the companies shall be denied long-distance connection direct with a long-distance company, or be subordinated to a marshalling of its long-distance messages by the management of its competitor—a very different proposition. We are of opinion that the demurrers of the People's company and of the commission to each paragraph of the complaint were properly sustained, and the judgment rendered in favor of the People's company and the commission against appellant should not be reversed.

The remaining questions relate to the dismissal by the circuit court of appellant's cause against the Home company. The cause as between the parties last named was put at issue by a general denial, was called and submitted to the court for trial. The court thereupon entered of record a statement which means that, in view of the judgments rendered against plaintiff and in favor of the People's company and the commission to the effect that the commission's order should stand as against the Home company, the court could not grant any relief to the plaintiff, to the effect that the commission's order should not stand as against the Home company. This seems a reasonable conclusion, especially as the plaintiff and defendant Home

company were both then bound by the said judgments— that the order of the commission should stand against appellant and the Home company—and said judgments were a refusal to grant appellant relief identical with that which it asks against the Home company. The reasoning, however, should have led to the sustaining, rather than the overruling, of the demurrer of the Home company to appellant's complaint. As then appeared of record, in the circuit court, the complaint of appellant was good as against the Home company, and the issue thereon, so appearing of record, should have been tried. The dismissal was an error; and for this the judgment rendered as between the Home company and appellant is reversed for further proceedings.

The judgments in favor of the Public Service Commission of Indiana and the People's Mutual Telephone Company of LaGrange are affirmed.

NOTE.—Reported in 119 N. E. 212. See under (1, 3, 5-9) 37 Cyc 1629; (2) 12 C. J. 1064.