Filed March 9, 1892.

---

### No. 15,542.

### CHAMP ET AL. *v.* KENDRICK, TRUSTEE.

APPEAL.—*Final Judgment.*—In an action to quiet title, where all the defendants demurred to the complaint, but one, who filed a cross-complaint, and judgment was rendered against the demurrants, and the cause continued on the cross-complaint, the judgment was not final, and can not be appealed from.

SAME.—*Jurisdiction.*—Where the judgment appealed from is not a final judgment, the consent of the parties will not give the Supreme Court jurisdiction.

From the Fulton Circuit Court.

*S. Keith,* for appellants.

*E. Myers, G. W. Holman* and *R. C. Stephenson,* for appellee.

MILLER, J.—This was an action to quiet the title to real estate brought by the appellee against the appellants and Milton Shirk.

Champ *et al. v.* Kendrick, Trustee.

The defendants, other than Shirk, demurred to the complaint. Their demurrers were overruled, and final judgment rendered against them on demurrer, quieting the title of the real estate described in the complaint.

This appeal was brought to reverse this judgment.

The finding of the court is, that the plaintiff " have judgment against the defendants, other than the defendant Milton Shirk, and this cause is continued on defendant Shirk's cross-complaint."

The judgment rendered upon this finding concludes with this statement : "And this cause is continued on cross-complaint of defendant Milton Shirk."

Appeals, except in a few specified instances, will only lie to this court from final judgments. Section 632, R. S. 1881.

A judgment is not final unless all the issues of law and fact are determined, and the case completely disposed of, so far as the court had power to dispose of it. *Western Union Tel. Co.* v. *Locke,* 107 Ind. 9.

In that case this language from Freeman on Judgments is quoted with approval.

" The policy of the laws of the several States and of the United States, is to prevent unnecessary appeals. The appellate courts will not review cases by piecemeal."

There is no final judgment in favor of the plaintiff where one of the defendants is not mentioned in the judgment. A judgment to be final must dispose of the case as to all of the parties, and finally dispose of the subject-matter of the litigation. *Masterson* v. *Williams* (Texas), 11 S. W. R. 531 ; *Mignon* v. *Brinson,* 74 Tex. 18 ; *Schultz* v. *McLean,* 76 Cal. 608 ; *Watkins* v. *Mason,* 11 Ore. 72 ; *State, ex rel.,* v. *Templin,* 122 Ind. 235.

If the judgment is not final, this court is without jurisdiction. *Wingo* v. *State,* 99 Ind. 343 ; *Mignon* v. *Brinson, supra.*

Even the consent of parties can not give this court jurisdiction where the judgment appealed from is not a final

judgment.   *Shroyer* v. *Lawrence*, 9 Ind. 322;  *Davis* v. *Davis*, 36 Ind. 160;  *Wingo* v. *State, supra;*  *Western Union Tel.·  Co.* v. *Locke, supra.*

Appeal dismissed.

Filed March 10, 1892.