NOVEMBER TERM, 1915     267

Northern, etc., Cable Co. v. Peoples Mut. Tel. Co.—184 Ind. 267.

## The Northern Indiana and Southern Michigan Telegraph and Cable Company v. The Peoples Mutual Telephone Company et al.

[No. 22,776. Filed January 14, 1916.]

1. Public Service Commission.—*Action to Vacate or Enjoin Order.—Judgment.—Appeal.*—In an action under §78 of the act concerning public utilities and creating the Public Service Commission (Acts 1913 p. 167, §10052z2 Burns 1914), to vacate and enjoin the enforcement of an order of the commission, the judgment rendered against plaintiff on its refusal to plead further, after the demurrers of the commission and a codefendant had been sustained to the complaint, was not appealable, in view of a showing by the record that plaintiff's cause remained undisposed of as to another corporation defendant, and that the latter was at least a proper party to the action, since the appeal contemplated by §83 of the act (§10052e3 Burns 1914) is from a final judgment and is not different from that authorized from final judgments in civil actions under §671 Burns 1914, §632 R. S. 1881. p. 269.

2. Judgment.—*Judgment on Demurrer.—"Final Judgment."*—A judgment on demurrer against some only of the parties is not ordinarily a final judgment from which an appeal will lie, since a judgment is not final unless it disposes of the subject-matter of the action as to all the parties so far as the court before which it is pending has power to dispose of it. p. 270.

From Lagrange Circuit Court; *James S. Drake,* Judge.

Action by The Northern Indiana and Southern Michigan Telegraph and Cable Company against The Peoples Mutual Telephone Company and others. From the judgment rendered, the plaintiff appeals. *Appeal dismissed.*

*Hanan, Watson & Hanan* and *T. E. Ellison,* for appellant.

*L. A. Foster* and *F. J. Dunten,* for appellee.

Cox, J.—A comprehensive act was passed by the General Assembly in 1913 concerning public utilities and creating a public service commission. Acts 1913 p. 167, §§10052a-10052z4 Burns 1914. Section 8 of this act (Acts 1913 p. 167, §10052h

Burns 1914) provides among other things that every public utility for the conveyance of telephone messages shall permit a physical connection to be made and telephone service to be furnished between its toll lines and the telephone system of another such public utility whenever public convenience and necessity require such physical connection and when it will not result in irreparable injury to the owner or users of the facilities of such utilities nor in any substantial detriment to the service to be rendered by them. It is also provided that if the utilities fail to agree to the connection, or the terms and conditions, application therefor may be made to the commission which is authorized to order the connection and fix the terms and conditions. The action of the commission is made subject to review by the courts as provided in §§78-86 inclusive of the act. Acts 1913 p. 167, §§10052z2-10052h3 Burns 1914. Section 78, *supra*, provides that any public utility and any person or corporation in interest being dissatisfied with any order of the commission fixing any rates, etc., or any regulation, practice, act, or service, may commence an action in the circuit or superior court of any county in which such order is operative against the commission as defendant to vacate or set it aside or enjoin its enforcement. By the provisions of the next following section the action must be begun within sixty days of the entry or rendition of the order. Section 83, *supra*, provides for an appeal to this court from the judgment of the circuit or superior court.

Pursuant to and under the provisions of §8, *supra*, appellee, The Peoples Mutual Telephone Company, which then maintained telephone lines in and around Lagrange and an exchange in that town, filed its petition with appellee, the Public Service Commission, for an order for physical connection

NOVEMBER TERM, 1915.          269

Northern, etc., Cable Co. v. Peoples Mut. Tel. Co.—184 Ind. 267.

of its lines with the long distance toll line of the
Home Telephone Company of Fort Wayne which
ran through Lagrange and in which appellant had
certain contract rights. Appellant was notified by
the home company of the petition, appeared before
the commission and upon leave granted was made
a party and opposed the petition of the peoples
company. As a result of the hearing before the com-
mission the petition of the peoples company was
granted and the physical connection asked was or-
dered. Subsequently under the provisions of §78,
*supra*, appellant filed its complaint in the Lagrange
Circuit Court to vacate and to set aside the order
and enjoin the enforcement of it. The Public
Service Commission, the peoples company and the
home company were all made parties defendant to
this action and served with summons to appear and
answer. The commission and peoples company ap-
peared and demurred to appellant's complaint.
Their demurrers were sustained and appellant re-
fused to plead further. Judgment was, therefore,
rendered that appellant take nothing by its com-
plaint and that the commission and the peoples
company recover their costs in the action. From
this judgment appellant, under the right given by
§83, *supra*, has brought this appeal in which the rul-
ing on the demurrers of the commission and the
peoples company to its complaint are assigned as
errors.

Appellees have interposed a motion to dismiss on
the ground that the transcript of the record pre-
sented does not show a final disposition of the
cause in the trial court as to all the parties
to it. The transcript shows that as to the
Home Telephone Company appellant's cause is
still pending in the lower court; it appears there-
from that this defendant was served with sum-

270    SUPREME COURT OF INDIANA,

Northern, etc., Cable Co. *v.* Peoples Mut. Tel. Co.—184 Ind. 267.

mons but it does not appear that it appeared and answered, or that it was defaulted or that as to it appellant's action was dismissed. Not only appellant and the peoples company were interested in the subject-matter of the order of the commission, but the home company was also and it was a proper, if indeed not a necessary, party to appellant's action in the circuit court. And it is clear that its property and interests would be involved in a final disposition of that action. The appeal to this court contemplated by §83, *supra,* is an appeal from a final judgment of the circuit or superior court. It is not different from that authorized by the code from final judgments in civil actions. §671 Burns 1914, §632 R. S. 1881. A judgment is not final unless it disposes of the subject-matter of the action as to all of the parties so far as the court before which it is pending has 2. power to dispose of it. Elliott, App. Proc. §§85, 90, 91; *Starkey* v. *Starkey* (1906), 166 Ind. 140, 76 N. E. 876; *Keller* v. *Jordan* (1897), 147 Ind. 113, 46 N. E. 343; *Champ* v. *Kendrick* (1892), 130 Ind. 545, 30 N. E. 635; *Neyens* v. *Flesher* (1907), 39 Ind. App. 399, 402, 79 N. E. 1087. The rule as stated in 2 Elliott, Gen. Prac. §1003 is applicable to the facts here involved. "As it is necessary to impress upon a judgment the character of a final judgment that it should dispose of the case as to all of the parties before the court, a judgment upon demurrer against some only of the parties is not ordinarily regarded as a final judgment, nor can it be so regarded for the purpose of an appeal or writ of error without violating the rule that cases can not be appealed piecemeal."

The motion to dismiss is sustained and the appeal is dismissed.

Note.—Reported in 111 N. E. 4. See, also, under (1, 2) 3 C. J. 462, 464; 2 Cyc 588.