NOVEMBER TERM, 1919. 437

Wayne Sewer, etc., Co. *v.* Ward Cowen Constr. Co.—72 Ind. App. 437.

WAYNE SEWER AND DRAIN COMPANY ET AL. *v.* WARD
COWEN CONSTRUCTION COMPANY ET AL.

[No. 10,602. Filed November 20, 1919. Rehearing denied December 12, 1919. Transfer denied February 3, 1920.]

1. APPEAL.—*Finality of Judgment.—Review.*—Where, in an action. for damages for breach of a written contract, defendant filed a counterclaim for damages for breach of the same contract and asked a reformation, and the court reformed in part and denied the reformation in part, after which the cause was submitted to a jury for trial and a verdict was returned for plaintiff, and the court then granted a new trial as to the issues tried before the jury, but refused as to the issues on the reformation of the contract, defendant could not prosecute an appeal from the ruling of the court as to the reformation of the contract. p. 438.

2. JUDGMENT.—*Final Judgment.*—A final judgment is one that at once disposes of all the issues, as to all parties involved in the controversy presented by the pleadings, to the full extent of the power of the court to dispose of the same, and puts an end to the particular case as to all of such parties and all of such issues. p. 438.

From Morgan Circuit Court; *Linn D. Hay,* Special Judge.

Action by the Ward Cowen Construction Company and others against the Wayne Sewer and Drain Company and others. From the judgment rendered, the defendants appeal. *Appeal dismissed.*

*Meyers, Gates & Ralston,* for appellants.

*J. W. Fesler, Harvey J. Elam* and *Howard S. Young,* for appellees.

NICHOLS, P. J.—Appellee has moved to dismiss this appeal upon the ground that no final judgment was rendered by the lower court from which an appeal will lie to this court.

The facts in this case, so far as they are pertinent to the consideration of the question presented in the motion to dismiss, are as follows: Appellee instituted

an action for damages for the breach of a certain written contract, in which action appellant was the principal defendant. Appellant filed answers, and also a counterclaim for damages for breach of the same contract that is sued on by appellee in its complaint. In addition to the damages sought by appellant in its counterclaim, and in the same paragraph in which it asks for such damages, appellant sought the reformation of the contract to express the intent of the parties by inserting certain omitted parts of the agreement sued on. The question of reformation was submitted to the court, without a jury, and, after hearing evidence, the court adjudged that the contract be reformed in part and denied the reformation in part. The cause was then submitted to a jury for trial on the issues presented by the complaint, and also the issues presented by the counterclaim based on the contract as reformed. The jury returned a verdict for appellee. Appellant with its codefendants filed a motion for a new trial, which was granted as to the issues tried before the jury, but refused as to the issues on the reformation of the contract. With this state of the record, appellant now seeks to prosecute an appeal from the judgment and ruling of the court as to the reformation of the contract.

The question presented for our consideration is whether the judgment reforming the contract, which was the basis both of the complaint and of the counterclaim, was such a final judgment as will sustain this appeal. We think not. A final judgment is one that at once disposes of all the issues, as to all parties involved in the controversy presented by the pleadings, to the full extent of the power of the court to dispose of the same, and puts an end to the particular case as to

all of such parties, and all of such issues. *Daegling v. Strauss* (1915), 59 Ind. App. 672, 109 N. E. 920; *Barnes* v. *Wagener* (1907), 169 Ind. 511, 82 N. E. 1037; *Crow* v. *Evans* (1912), 178 Ind. 661, 100 N. E. 8; *Northern, etc., Cable Co.* v. *Peoples Mut. Tel. Co.* (1916), 184 Ind. 267, 111 N. E. 4; *Champ* v. *Kendrick* (1892), 130 Ind. 545, 30 N. E. 635; *Western Union Tel. Co.* v. *Locke* (1886), 107 Ind. 9, 7 N. E. 579; *City of Jeffersonville* v. *Tomlin* (1893), 7 Ind. App. 681, 35 N. E. 29; *Hopp* v. *Luken* (1909), 44 Ind. App. 568, 89 N. E. 916.

The appeal is dismissed.