### BROWN ET AL. *v.* PASKO, TRUSTEE.

[No. 12,909. Filed January 13, 1928. Rehearing denied April 3, 1928.]

*Mart J. O'Malley* and *Claude Cline*, for appellants.
*C. K. Lucas* and *H. B. Spencer*, for appellee.

THOMPSON, J.—This is a suit in replevin brought in the Huntington Circuit Court by appellee against

Edward S. Brown, one of appellants, to recover possession of certain goods in the hands of said appellant, said action being based on an alleged bill of sale hereinafter set out in the special finding of facts, and, there being a special finding of facts, we give no consideration to the pleadings in the case, nor to the rulings of the court thereon.

The facts, as found by the court, are as follows: That on August 20, 1923, appellant Brown became indebted to the Farmers' Trust Company of Huntington, Indiana, in the sum of $2,500 as evidenced by his note of said date; that to secure the payment of said note, said Brown, his wife joining therein, executed and delivered to the Farmers' Trust Company his chattel mortgage covering certain personal property, to wit: 2,200 bushels of wheat and 3,000 bushels of oats; that on December 17, 1923, appellant Brown entered into a written contract to sell to the Simpson Grain Company 2,000 bushels of wheat to be delivered at a later date, and said Simpson Grain Company paid $250 to apply on the purchase price thereof; that said Simpson Grain Company was a copartnership composed of George R. Pasko and William F. Pasko, engaged in the business of buying and selling grain, and was duly authorized to transact business under said company name; that during January, 1924, appellant Brown sold and delivered to the Simpson Grain Company approximately 2,275 bushels of oats and received in payment therefor the sum of $910.77, and that said oats so sold by appellant was a part of the oats covered by the chattel mortgage given by Brown to the Farmers' Trust Company; that on March 15, 1924, appellant Brown was indebted to the following persons in the following amounts, to wit: To the Farmers' Trust Company in the sum of $2,500 and accrued interest from August 20, 1923; to the Simpson Grain Company in the sum of $250 for money advanced to the said Brown

on purchase price of wheat; to the Farmers' Trust Company in the sum of $225 as evidenced by a note for said amount with accrued interest from November 12, 1923; to the law firm of Bowers, Feightner and Bowers in the sum of $300.

The court further found that on March 15, 1924, appellant Brown signed and delivered to George R. Pasko, the following agreement: "This witnesseth that for a valuable consideration, I hereby sell, assign and set over to George R. Pasco, Trustee, under the terms and conditions hereinafter set out, the following described personal property belonging to this grantor as follows, to wit:

"All wheat in bins, and on loft consisting of approximately 2,200 bushels more or less and all the oats in bins and on loft consisting of approximately 500 bushels more or less, and all the corn in cribs consisting of approximately 2,000 bushels more or less, all located on the Ed. and Lulu Brown farm, the same being 116 acres north of the Chicago and Erie Railroad Company right of way in the southwest quarter of section 27, township 28 north, range 10 east.

"Also all hay in mow consisting of approximately fifty tons more or less, located on the Ed. and Lula Brown farm, the same being the west half of the northwest quarter of section 27, township 28 north, range 10 east, and both pieces of real estate above described being in Huntington county and State of Indiana.

"The terms of this conveyance in trust as above described are as follows, to wit:

"(1) The grantor will deliver to the grantee or to a convenient market on the order of the grantee the wheat and oats above described, beginning at the earliest time that the weather and the condition of the roads will permit and continue such deliveries from day to day, subject to such delays as weather, roads and other con-

ditions beyond control, until the said deliveries are complete, and the grantor will make like delivery as above described, of the hay and corn herein referred to, within thirty (30) days from date, subject to such delays as roads, weather and other unavoidable contingencies may require.

"(2) The deliveries described in paragraph 1 and the sale of the products above described shall be upon the prevailing market price at the time of delivery of the several commodities above described.

"(3) The proceeds derived from the sale of the products above described, shall be applied by the trustee to the following purposes, to wit: (A) The first proceeds shall be applied to the satisfaction of a certain note secured by chattel mortgage due the Farmers' Trust Company of Huntington, Indiana, dated August 20, 1923, in the principal sum of $2,500; (B) after the satisfaction of the note and mortgage above described, the next proceeds shall be pro rated to the satisfaction of the following obligations, namely the sum of $250 advanced by the Simpson Grain Company, on the purchase of wheat to Ed. S. Brown. Also the payment of a certain note due the Farmers' Trust Company of Huntington, Indiana, dated November 12, 1923, in the principal sum of $225. Also the sum of $300 due the law firm of Bowers, Feightner and Bowers.

"(4) When the grantor has made sufficient deliveries under this bill of sale to satisfy the above and foregoing obligations, he may at his option suspend further deliveries, but should he elect to continue such deliveries until all of said products are delivered, the proceeds derived therefrom over and above the amount required to satisfy the obligations above described shall be paid to the order of the grantor.

"(5) The grantor represents that he has the title and right to convey the property herein described and that

the same is free from liens, except such as are mentioned above and which are to be paid out of the proceeds of the property herein described.

"(6) It is expressly agreed that the grantor shall have the right to pay any or all of the obligations above described from the funds derived by him through sources outside of the sale of the property herein described, and should he do so within the time limited herein the obligations so paid with outside funds shall be cancelled accordingly and released from this obligation.

"(7) The trustees shall procure reasonable insurance on the property above described and carry the same until such time as the property is disposed of or the obligations above described are paid.

"Dated this 15th day of March 1924.

"Ed. S. Brown."

The court further found that said agreement was duly recorded in the Recorder's Office of Huntington county on March 16, 1925; that a short time prior to March 15, 1924, the Simpson Grain Company learned that the wheat purchased by said company from Brown was encumbered by chattel mortgage in favor of said Farmers' Trust Company, and further learned that the oats so sold by said Brown to the Simpson Grain Company was covered and charged with the lien of a chattel mortgage to the Farmers' Trust Company; that thereupon said George R. Pasko accompanied by Arthur C. Fast, president of the Farmers' Trust Company, called upon Brown, and the said Fast threatened Brown with criminal prosecution unless Brown paid the indebtedness secured by chattel mortgage, and that at that time the said Fast stated that he had given Brown the right to sell said mortgaged personal property, but that nevertheless he would prosecute him; that on March 15, 1924,

Brown, with his attorney Milo N. Feightner, George R. Pasko, a member of the firm of Simpson Grain Company, with his attorney Eben Lesh, and A. C. Fast, president of the Farmers' Trust Company, with George M. Eberhart, attorney for said Farmers' Trust Company, met in the law office of Eberhart and Sapp in Huntington, Indiana, and that while there the bill of sale heretofore set out was drawn and was signed by Brown in the presence of his attorney and delivered to appellee; that just previous to the execution of the above instrument, George M. Eberhart, attorney for the Farmers' Trust Company, told Brown that he would be prosecuted criminally and put in jail unless he signed the instrument and turned over the property, and that Brown believed the statement made by Eberhart; that from March 15, 1924, until the commencement of this action, with the exception of not to exceed four days, the weather conditions existing at the time and the condition of the highway were such as to permit the delivery of the personal property described in said bill of sale; that within forty-five days after the execution of the bill of sale, appellee Pasko requested Brown to deliver the property set out in said bill of sale, but that Brown failed to make said delivery; that within three days from the commencement of this action appellee Pasko demanded of Brown the possession of said property, and that Brown refused to surrender the same; that said personal property is of the value of $3,388.49; that appellants John C. Wearly, Receiver of the Farmers' Trust Company, William F. Pasko and George R. Pasko, doing business under the firm name of "Simpson Grain Company," Fred H. Bowers, Milo N. Feightner and Lee M. Bowers, doing business under the firm name of "Bowers, Feightner and Bowers," are not entitled to the possession of the personal property described in complaint, and have no right or interest therein, except such right or interest as

they might have under the instrument or bill of sale heretofore set out; that at the time of the commencement of this action said Brown had paid no part of the indebtedness owing by him to the Farmers' Trust Company or to the Simpson Grain Company, but had paid the claim of the firm of Bowers, Feightner and Bowers in full; that no new consideration passed to appellant Brown from appellee or anyone in his behalf save the preexisting indebtedness mentioned in said bill of sale.

On the facts found, the court stated its conclusions of law as follows: (1) That the law is with the plaintiff; (2) that the plaintiff is entitled to the possession of the property described in the complaint; that said property is of the value of $3,388.49, and that defendant unlawfully detained the same from plaintiff; (3) that upon failure of defendant Brown to deliver to plaintiff said property, the plaintiff recover of defendant Brown the said sum of $3,388.49; (4) that plaintiff recover of defendant Brown the costs of this action; (5) that defendants John C. Wearly, William F. Pasko and George R. Pasko, doing business under the firm name and style of Simpson Grain Company, and Fred H. Bowers, and Milo N. Feightner and Lee M. Bowers, a partnership doing business under the firm name of Bowers, Feightner and Bowers, are not entitled to the possession of the property described in the complaint.

Appellant Brown excepted to each conclusion of law, separately and severally. Judgment was rendered for appellee.

The errors relied upon are: (1) The action of the court in overruling appellant Brown's demurrer to appellee's amended complaint; (2) the action of the court in overruling appellant Brown's motion to strike out parts of the second and third paragraphs of appellee's amended complaint; (3) the court erred in each of its conclusions of law.

Appellant contends that the contract in question is executory, hence no title passed; that appellee cannot maintain this action for possession of said property as the owner thereof, and that the court erred in its conclusions of law.

In *Neimeyer Lumber Co.* v. *Burlington, etc., R. Co.* (1898), 54 Nebr. 321, 74 N. W. 670, 40 L. R. A. 534, the court said: "A vendor's title to property sold by him is divested on its delivery to his vendee, and immediately upon such delivery the title to the property vests in the vendee; but where delivery of property sold is to take place is, of course, to be determined by the contract between the vendor and vendee; and if the contract between the parties expressly provides that delivery shall be made at a certain place, then the vendor's title to the property is not divested until delivery is made at such place." *Bruno* v. *Phillips & Co.* (1924), 80 Ind. App. 658, 142 N. E. 21.

In *Lester* v. *East* (1875), 49 Ind. 588, it is said: "There is a plain difference between an actual sale and a mere executory agreement. The distinction between the two consists in this, that in a bargain and sale, the thing which is the subject of the contract becomes the property of the buyer the moment the contract is concluded, and without regard to the fact whether the goods are delivered to the buyer, or remain in possession of the vendor. Whereas, in the executory agreement, the goods remain the property of the vendor till the contract is executed. In the case of a sale, the vendee can claim the goods specifically, and they are at his risk. In the case of an executory agreement, he does not become the owner of the goods, cannot claim them specifically, and they are not at his risk, and his remedy on the contract, if there be a breach of it, is confined to an action for damages. Both of these contracts are equally valid, and whether any particular contract is the one or the other depends

upon the intention of the parties, to be gathered from all its terms and stipulations. The question is generally if not always, one of fact. Whether the title to the property passes or not, depends upon the intention of the parties to the agreement. Whether the contract in this case was a completed sale, or only an executory contract, is to be decided by the facts which existed when the contract was made, and not by what occurred at some subsequent date."

In the case at bar; the appellant, by the terms of the contract, was to deliver the property at some future date, contingent upon the fact that he did not pay the several debts prior to that time with money other than that derived from the sale of the property. In the event that he did pay said debts prior to a certain time, with money not derived from the sale of said property, then the contract in question was to be of no effect. The passing of title was therefore dependent upon some future event, and could not have taken place at the time said contract was signed.

We hold that the contract in this case is an executory one, and that the court erred in its conclusions of law. The judgment is therefore reversed, with instructions to restate the conclusions of law in favor of appellant, and to render judgment accordingly.