CITY OF INDIANAPOLIS *v.* RAMSEY ET AL.

[No. 13,464. Filed January 16, 1930.]

*Oren S. Hack, Edward H. Knight* and *Smiley N. Chambers,* for appellant.

*James D. Ermston, Ewbank & Dowden, Korbly & McNutt, Linder, Pavey & McCurdy, Means & Buenting* and *Roemler, Carter & Rust,* for appellees.

ENLOE, J.—The pleading involved herein was a *second amended complaint*. The parties plaintiff were the city of Indianapolis, in its corporate capacity as a municipal corporation; the city of Indianapolis as trustee for holders of bonds and interest coupons thereon; and Dwight S. Ritter and Edward B. Raub as resident householders, freeholders, taxpayers, and holders of bonds issued by the city of Indianapolis as improvement bonds, issued under the provisions of the Barrett Law, and who sue as representatives of all other persons similarly situated, it being alleged that such persons were too numerous to be specifically named. The parties named as defendants were Edward A. Ramsey, as an individual, as city treasurer of the city of Indianapolis, and as trustee for numerous bondholders and creditors of said city; Frank S. Fishback, Edward G. Sourbier, Ralph A. Lemcke, and John L. Duvall, former treasurers; and Clyde Robinson, treasurer elect.

The complainants sought for an accounting by each of said parties, former treasurers, of interest received by them on money held by them, and which may be denominated "prepaid Barrett assessments." To this complaint, each of the said defendants separately demurred. These demurrers were filed June 24, 1927, and were each by the court sustained. No further steps were taken, it seems, until the following April, as shown by the following order-book entry, viz.: "And afterwards, to wit, on the 6th day of April, 1928, the same being the 29th judicial day of March Term, 1928, of the said court, before the Honorable Zimri E. Dougan, Judge presiding, the following proceedings were had, viz.:

"Comes now the city of Indianapolis in its corporate capacity and as trustee in open court and represented by its corporation counsel, and the defendants and each of them being represented by their own counsel, and the

court having sustained the defendants' demurrers to the amended complaint of May 20, 1927, to which ruling the plaintiffs at the time excepted.

"And now the city of Indianapolis, in its corporate capacity and as trustee, announces its intention to stand upon said amended complaint of May 20, 1927, and refuses to plead further, and elects to stand upon the amended complaint.

"It is therefore ordered and decreed and adjudged by the court that the City of Indianapolis, in its corporate capacity and as trustee, take nothing by its action herein, and now renders judgment against the city and further orders and decrees and adjudges that the defendants recover of and from said City of Indianapolis their costs herein.

"And now the city of Indianapolis, in its corporate capacity and as trustee, prays an appeal to the Appellate Court of the State of Indiana, which prayer is hereby granted, and now the court gives to the city of Indianapolis, in its corporate capacity and as trustee, 180 days within which to file the transcript of the record on appeal."

It is from this judgment that this appeal is prosecuted, and the appellees have each moved for the dismissal hereof on the ground that said judgment is not a "final judgment" within the meaning of our statute, nor is it such an interlocutory judgment as falls within a class from which an appeal may be prosecuted. Also, they insist, that as this is a vacation appeal, the original plaintiffs, Ritter and Raub, should have been made parties, and should have been notified. We shall first notice appellees' contention as to the above judgment being a final judgment.

In the case of *Northern, etc., Cable Co.* v. *Peoples Mut. Tel. Co.* (1916), 184 Ind. 267, 111 N. E. 4, in passing upon a motion to dismiss the cause, the court said: "A

judgment is not final unless it disposes of the subject-matter of the action as to all of the parties so far as the court before which it is pending has power to dispose of it." In 2 Elliott, General Practice §1003, the rule is stated as follows: "As it is necessary to impress upon a judgment the character of a final judgment that it should dispose of the case as to all of the parties before the court, a judgment upon demurrer against some only of the parties is not ordinarily regarded as a final judgment, nor can it be so regarded for the purpose of an appeal or writ of error without violating the rule that cases cannot be appealed piecemeal."

In the case at bar, the judgment from which this appeal was attempted disposed of the issues as between the city of Indianapolis, in its several capacities and the several defendants, appellees. This, and this only, was adjudicated. There was no judgment against Ritter and Raub or either of them; they still remained in court as plaintiffs against these appellees. Attached to the motion to dismiss is an affidavit of counsel for one of the appellees setting forth certain proceedings had in the Hendricks Circuit Court subsequent to April 6, 1928, as shown by the order-book entries of said court, from which it appears that said Ritter and Raub filed certain other pleadings; that Sterling R. Holt, city comptroller of the city of Indianapolis, a party defendant filed an answer in abatement, to which answer Ritter and Raub severally demurred, and which demurrers were overruled, with exceptions to Ritter and Raub.

It thus appears affirmatively that the judgment herein is not a final judgment from which an appeal will lie. It is within the range of possibility that Ritter and Raub may have finally prevailed, and that judgment "for an accounting," as prayed for, was rendered, and that no appeal has been prosecuted from such judgment. If the judgment involved in this case should be reversed

and the cause remanded, one could easily imagine the confusion into which the trial courts would be thrown, and hence the rule that the judgment must be a final judgment so that each and all of the parties may, if they shall so desire, assign error or cross-error, as the case may be.

We hold that the judgment from which this appeal is attempted is not a final judgment.

The appeal is, therefore, dismissed.