ENMEIER ET AL. *v.* BLAIZE ET AL.

[No. 26,110. Filed February 26, 1932.]

*Horace A. Foncannon*, for appellant.
*Curtis G. Shake*, for appellee.

TRAVIS, C. J.—This is an action for a declaratory judgment by Joshua L. Blaize, plaintiff, appellee herein, against appellant, Paul W. Enmeier, to determine the time at which the appellant Enmeier would be entitled to begin the term of his office as clerk of the Knox Circuit Court under the provisions of an act, ch. 59, Acts 1929 p. 157. To the complaint, appellant Enmeier filed his separate answer in general denial and also a separate affirmative answer to the complaint. To the separate affirmative answer of appellant Enmeier, appellee Blaize filed his demurrer for the cause "that said second paragraph of answer does not state facts sufficient to constitute a defense to plaintiff's declaration and complaint." James M. Ogden, as Attorney-General of the State of Indiana, as a defendant in the action, filed his motion to dismiss the cause as to him, which motion was, by the trial court, overruled. Thereupon, appears in the record the following entry: "Now come again the parties and the court being advised on the demurrer of the plaintiff, Joshua L. Blaize,

to the second paragraph of the separate answer of the defendant Paul W. Enmeier now sustains said demurrer to said second paragraph of answer, to which ruling of the court the defendant Paul Enmeier at the time excepts. And now the defendant Paul Enmeier fails and refuses to answer or plead further, and elects to stand upon the ruling of the court on said demurrer to his second paragraph of answer, judgment is now rendered for the plaintiff in said cause on said demurrer. It is therefore considered and adjudged by the court that the term of office of the defendant Paul W. Enmeier as Clerk elect of the Knox Circuit Court, of the State of Indiana, will begin on the first day of January in the year 1933 and that said defendant Paul W. Enmeier, as such clerk elect is entitled, and will be entitled, to serve as said clerk of said Knox Circuit Court, in the State of Indiana, for said full term of four years beginning and commencing on said 1st day of January, 1933. It is further considered and adjudged by the court that the plaintiff Joshua L. Blaize recover of and from the defendant Paul W. Enmeier his costs herein paid out and expended."

The judgment rests upon the statement by the court that appellant Enmeier "fails and refuses to answer or plead further and elects to stand upon the ruling of the court," on the demurrer to the affirmative paragraph of answer.

Appellant Enmeier was under no legal obligation or duty to answer the complaint affirmatively, and, having done so, and demurrer being sustained to such special answer, he was under no legal obligation or duty to plead another affirmative answer to the complaint. He denied every material allegation of the complaint, which denial had not been withdrawn by him, and the issue made by appellant Enmeier's answer of general denial to ap-

pellees' complaint stands untried, with no finding, either for or against any of the parties upon the general issue. The Attorney-General filed no answer to the complaint and was not defaulted. There is no finding or judgment, either for or against him.

Appeals from judgment in trial courts must, in all cases, with few exceptions, be from final judgments only. §695 Burns 1926.

A judgment or decree, to be final within the meaning of the word "judgment" in the statute (§628 Civil Code, Acts 1881 (Spec. Sess.) ch. 38, p. 352, §695 Burns 1926) must terminate the litigation between all parties on the issues of the case made by the pleadings, so that, if the judgment or decree be affirmed, the court which had initial jurisdiction, and to which court jurisdiction is revived upon the case being remanded, would have nothing to do but to execute the judgment or decree it had rendered. *Wall* v. *City of Muncie et al* (1929), 201 Ind. 170, 175, 166 N. E. 659, and cases there cited; *Champ et al* v. *Kendrick, Trustee* (1892), 130 Ind. 545, 30 N. E. 635; *Neyens* v. *Flesher* (1907), 39 Ind. App. 399, 402, 79 N. E. 1087; *Wingo* v. *State* (1885), 99 Ind. 343.

It will be noted in the judgment in this case that there is no judgment against defendant, the Attorney-General, which leaves the case open as to him. No matter what the finding of the court might be, upon a trial of an issue made by the Attorney-General, or, if he did not form an issue, then, upon his default, the judgment as it stands does not dispose of the complaint against this officer. Under the definition of a final judgment hereinbefore stated, a judgment must dispose of all the issues in the case which affect any and all the parties to make it final. This the judgment herein does not do. The judgment rests solely upon the court's finding and decision upon the demurrer to the

affirmative answer to the complaint, and is not a disposition of the general issue formed by appellant Enmeier's affirmative answer to the complaint.

This court has no jurisdiction of this appeal, because the appeal is not from a final judgment upon all the issues. *Champ et al* v. *Kendrick, Trustee, supra.*

Appellee Blaize, in his brief, does not challenge the jurisdiction of this court upon any ground which might be termed such an acquiescence in the proceedings, as shown by the record, as would be termed a consent of the parties to give this court jurisdiction. The answer to such a proposition is that the parties are not competent, by consent or agreement, to give this court jurisdiction on appeal from a judgment which is not final. *Champ et al* v. *Kendrick, Trustee, supra.*

Because the court has no jurisdiction of this appeal, the appeal is dismissed.