E. R. Newland Company *v*. Strauss et al.

[No. 14,517.   Filed June 28, 1933.]

*Eli F. Seebirt, Lenn J. Oare, Orlo R. Deahl* and *George W. Omacht,* for appellant.

*Vitus G. Jones, Roland Obenchain* and *Paul M. Butler,* for appellees.

Dudine, J.—Appellant filed suit to foreclose its mechanics lien against the residence property of appellees, George F. Strauss and Hazel I. Strauss. The complaint alleged that all other appellees "claim to have some interest and to hold liens upon said . . . real estate, and they are made parties hereto to answer as to their interests therein; that the lien of the plaintiff is inferior (superior) and prior to the claim of any and all other defendants." The court acquired jurisdiction of all parties. Several of the defendants filed cross-complaints alleging interests in the property. The issues were closed as to all appellees except appellee, The

Reliance Mortgage and Finance Inc., which was defaulted. Trial was had by the court, who, upon proper request, made a special finding of facts that appellees, Strauss and Strauss, owned said real estate, had executed mortgages upon said real estate at divers times to several appellees respectively, and also that appellant and several appellees at different times furnished labor and building material to appellees Strauss and Strauss for use in remodeling the dwelling house upon said real estate, and the appellant and said appellees respectively filed notices of their intention to hold a lien on said real estate for the value of said labor and building materials furnished by them. The court stated conclusions of law authorizing the foreclosure of the several liens of appellant and said appellees (cross-complainants), and fixing the priorities thereof, and directing how the proceeds of the sale of the property should be applied. Judgment was rendered accordingly.

Appellees Evelyn Emmons and Charles Emmons had filed an answer in general denial to appellant's complaint. Neither the finding of facts, the conclusions of law, nor the judgment referred to the issue formed by appellant's complaint and the answer of appellees Evelyn Emmons and Charles Emmons. The judgment was against "defendant George F. Strauss and Hazel I. Strauss," and not against "the defendants."

Appellant took exceptions to several of the conclusions of law, and appeals from the judgment rendered. For its assignment of errors appellant says the court erred in its said conclusions of law.

Appellee American Trust Company contends in its brief that this appeal should be dismissed because the judgment was not a final judgment within the meaning of Sec. 695, Burns R. S. 1926. This question attacks the jurisdiction of this court, and therefore it will be considered first.

A final judgment is a judgment which disposes of the subject matter of the action as to all of the parties so far as the court before which it is pending has power to dispose of it. See *City of Indpls.* v. *Ramsay* (1930), 90 Ind. App. 616, 169 N. E. 595; 2 Elliott General Practice 1003.

In this case the court below, in its conclusions of law, and judgment, following its decree directing the application of the proceeds of the sale of the property, provided that the balance of the proceeds, after satisfaction of claims of appellant and the cross-complaints, be paid to appellees Strauss and Strauss.

Appellant in its reply brief contends that "the conclusions of law while not specifically mentioning the defendants Emmons and Emmons . . . entirely dispose of the subject matter of the action . . . by thus concluding priorities and providing for the distribution of the proceeds of the sale, the court by necessary implication concluded that the defendants Emmons and Emmons had no interest in said real estate or the proceds derived from the sale thereof."

If it be assumed that the conclusions of law did entirely dispose of the subject matter—we are still faced with the question of whether the *issue* between appellant and appellees Emmons and Emmons has been disposed of. See *Northern, etc., Cable Co.* v. *Peoples Mut. Tel. Co.* (1916), 184 Ind. 267, 111 N. E. 4.

In the case of *Northern, etc., Cable Co. v. Peoples Mut. Tel. Co.*, supra, the appellant filed its complaint in the Lagrange Circuit Court to vacate, set aside and enjoin the enforcement of an order of the Public Service Commission, authorizing a "physical connection" of the telephone service of appellee Peoples Mut. Tel. Co., with the long distance toll line of the Home Telephone Co. of Fort Wayne, in which appellant had certain contract rights. This order of "physical connection" had been granted

upon petition filed by said Peoples Mut. Tel Co. The Public Service Commission, The Peoples Mut. Tel. Co., and said Home Tel. Co. were made parties defendant to the action, and the commission and Peoples Mut. Tel. Co. appeared and demurred to appellant's complaint. Their demurrers were sustained, and appellant refused to plead further. Judgment was rendered that appellant take nothing by its complaint and that the commission and the Peoples Mut. Tel. Co. recover their costs in the action. An appeal was taken by appellant. The transcript showed that appellee Home Telephone Co. was served with summons, but did not show that it appeared or answered or was defaulted, or that the action was dismissed as to it. Appellees interposed a motion to dismiss on the ground that as to the Home Telephone Co., appellant's cause was not disposed of, and our Supreme Court granted said motion to dismiss.

We think that case is a direct precedent which answers appellant's contention. There the court below "entirely disposed of the subject-matter" in the action, when it rendered judgment that appellant take nothing by its complaint. It can be said as appellant contends in the instant case, that by necessary implication, the Court in said case concluded that appellant should take nothing as against the Home Telephone Co., on the theory that, since the court had concluded that appellant should take nothing by its complaint to vacate an order of the Public Service Commission, as against the Public Service Commission—it necessarily intended that appellant take nothing as against the other appellees. But our Supreme Court held that the issue between appellant and appellee The Home Telephone Co. had not been disposed of, and therefore judgment was not final. We think the court was right in its said decision, and in accordance with said decision we hold that the judgment appealed from

in the instant case was not such a final judgment as may be appealed from.

Appellant presents several authorities to support his contention that the judgment in the instant case is a final judgment from which an appeal may be taken, but none of said authorities sustain its contention.

Appeal dismissed.