## BREUNINGER *v.* WECK ET AL.

[No. 15,086.   Filed March 13, 1934.]

*Walter S. Bent,* for appellant.

*McCracken & Eikenbary,* for appellees.

WOOD, C. J.—The appellees have filed a motion to dismiss this appeal upon the ground that a final judgment was not rendered in the Wabash Circuit Court from which an appeal will lie to this court.

The facts pertinent to the determination of the question presented by the motion to dismiss are as follows: January 16, 1932, the appellant filed her complaint in the lower court against all the appellees in which she sought to collect a note executed by the appellee Catherine Weck, and to foreclose a mortgage given by said appellee upon her life estate in certain real estate, to secure its payment. It was also alleged in the complaint that Catherine Weck received her life estate in the real estate, under the will of her deceased husband; that pursuant to the terms of the will, she was vested with power, in case it became necessary for her comfort and support, to use the proceeds from the sale of said real estate therefor, and that the debts of Catherine Weck should be a charge against the real estate. That the co-appellees of Catherine Weck, as children of her husband and herself, were the owners of the remainder in the real estate and were made parties defendant to appellant's complaint for the purpose of answering and defending any interest which they might have in and to said real estate.

April 22, 1932, all the appellees filed a separate and several demurrer to appellant's complaint for insufficiency of facts to constitute a cause of action. This demurrer was sustained as to all the appellees except Catherine Weck, and was overruled as to her. Thereafter the following entry was made by the court: "Come now the parties by counsel, Catherine Weck et al., and the plaintiff now refuses to plead further, and judgment is now rendered on such refusal for all defendants except Catherine Weck, to which ruling and judgment of the court the plaintiff excepts as

to each of said defendants, separately and severally. It is therefore considered and adjudged by the court that the plaintiff take nothing as against all of said defendants except Catherine Weck. Said plaintiff now prays an appeal to the Appellate Court of Indiana, which appeal is granted upon filing bond, which is fixed at $200.00. Charles Breuninger is surety on said bond, which surety and bond is approved by the court. Said bond to be filed in thirty days, and all bills of exceptions to be filed in forty-five (45) days."

Catherine Weck did not file any answer; she was not defaulted, nor was any judgment rendered against her.

A judgment is not final unless all the issues of law and fact have been completely disposed of as to all the parties, so far as the court had power, so to do. The courts will not consider cases piecemeal. *Champ* v. *Kendrick* (1891), 130 Ind. 545, 30 N. E. 635; *Keller* v. *Jordan* (1897), 147 Ind. 113, 46 N. E. 343; *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 82 N. E. 461; *Northern, etc., Co.* v. *Peoples, etc., Co.* (1916), 184 Ind. 267, 111 N. E. 4; *Taylor* v. *Koontz* (1917), 67 Ind. App. 355, 115 N. E. 95; *Wayne Sewer, etc., Co.* v. *Ward, etc., Co.* (1919), 72 Ind. App. 437, 125 N. E. 64; *City of Indianapolis* v. *Ramsey* (1929), 90 Ind. App. 616, 165 N. E. 595.

The judgment from which appellant seeks to prosecute this appeal is not a final judgment within the requirements above announced, and is not a judgment from which an appeal will lie.

Appeal dismissed.