BROWN *v.* PASKO, TRUSTEE ET AL.

[No. 14,951. Filed March 10, 1936. Rehearing denied May 14, 1936.]

 

*Claude Cline, Mart J. O'Malley, Robert R. McNagney* and *Phil M. McNagney,* for appellant.

*Bowers, Feightner & Bowers* and *H. B. Spencer,* for appellees.

BRIDWELL, J.—An examination of the record in this cause discloses that no final disposition of the same has been made in the court below. Issues were formed on a complaint filed by appellant against all appellees, and on two cross-complaints, one filed by appellees Mart J. O'Malley and Claude Cline, the other by appellees Robert R. McNagny and Phil M. McNagny. After the closing of the issues, the cause was submitted to a jury for trial, and the only verdict returned is as follows:

> "We, the jury, find for the defendants George R. Pasko, Trustee, George R. Pasko, William F. Pasko, Gusta Pasko, Laura E. Pasko, and Sarah R. Pasko."

Judgment was rendered on this verdict in favor of the defendants named therein, who constitute only a part of the defendants to the complaint, and against the plaintiff (appellant) that he take nothing by his action, and that the said defendants recover of appellant their costs. It is from this judgment that appellant appeals.

The right to appeal is of statutory origin. It is a remedy given by statute and not a vested right. *Collins* v. *Laybold* (1914), 182 Ind. 126, 133, 104 N. E. 971; ██ *Catherwood* v. *McIntyre* (1934), 99 Ind. App. 220, 192 N. E. 109. Our statute (Burns' Ind. Ann. 1933, sec. 2-3201, §471, Baldwin's 1934) gives the right of appeal only from final judgments. In the case of *Wayne Sewer and Drain Co.* v. *Ward Cowen Constr. Co.* (1920), 72 Ind. App 437, 438, 125 N. E. 64, this court, in discussing what constitutes a final judgment, said: "A final judgment is one that at once disposes of all the

issues, as to all parties involved in the controversy presented by the pleadings, to the full extent of the power of the court to dispose of the same, and puts an end to the particular case as to all of such parties, and all of such issues." Many authorities are cited to sustain this conclusion, and our Supreme Court denied a petition to transfer. Later decisions are to the same effect. See *Wisconsin, etc., Coal Co.* v. *Wall* (1926), 84 Ind. App. 642, 151 N. E. 830; *Wall* v. *City of Muncie* (1929), 201 Ind. 170, 166 N. E. 659; *Gray* v. *Gray* (1931), 202 Ind. 485, 492, 176 N. E. 105.

No final judgment disposing of all the issues as to all the parties involved in the controversy presented by the pleadings having been rendered in this cause, ▉ this court is without jurisdiction other than to dismiss the appeal.

Appeal dismissed.