GAETH ET AL. *v.* HACK, RECEIVER.

[No. 15,460.  Filed June 14, 1937.]

*John W. Becker,* for appellants.

*Chalmer Schlosser* and *Joseph Collier,* for appellee.

WOOD, J.—It is the duty of the court, in every appeal, to first determine whether it has jurisdiction of the cause, and this is so, whether the question is presented for consideration of the court by the parties or not, and if, upon an examination of the record, it appears to the court that it does not have jurisdiction of the cause it must dismiss the appeal on its own motion. *Michigan, etc., Co.* v. *Frankel* (1898), 151 Ind. 534, 50 N. E. 304; *Fitch* v. *Long* (1902), 29 Ind. App. 463, 64 N. E. 622; *Everett Piano Co.* v. *Bash* (1903), 31 Ind. App. 498, 68 N. E. 329; *Lakey* v. *Leich* (1905), 37 Ind. App. 393, 76 N. E. 926; *Jenkins* v. *Steele* (1913), 55 Ind. App. 11, 102 N. E. 139; *Smith* v. *Graves* (1914), 59 Ind. App. 55, 108 N. E. 168; Ewbank's Manual of Practice, sec. 219a; *Catherwood* v. *McIntyre* (1935), 99 Ind. App. 220, 192 N. E. 109.

The right to an appeal is of statutory origin, it is a remedy given by statute and is not a vested right. *Collins* v. *Laybold* (1914), 182 Ind. 126, 104 N. E. 971. Appeals authorized from final judgments, as the phrase is used in Sec. 2-3201 Burns 1933, Sec. 471 Baldwin's Ind. St. 1934, means a judgment "that finally decides and determines the subject-matter of the litigation, so far as the court before which the proceeding is pending has power to dispose of it." *Londen* v. *Elice* (1924), 195 Ind. 507, 145 N. E. 763.

"A final judgment or decree," says the court in *Wall* v. *City of Muncie* (1929), 201 Ind. 170, 175, 166 N. E. 659, "... to be final within the meaning of the word 'judgment' in the statute (§628 Civil Code, Acts 1881, p. 352, §695 Burns 1926) (§2-3201 Burns 1933) must terminate the litigation between all of the parties on the issues of the

case made by the pleadings, so that if the judgment or decree be affirmed, the court which has initial jurisdiction, and to which court jurisdiction is revived upon the case being remanded, would have nothing to do but to execute the judgment or decree it had rendered. *Bostwick* v. *Brinkerhoff* (1882), 106 U. S. 3, 27 L. Ed. 73, 1 Sup. Ct. 15; *Keystone Manganese & Iron Co.* v. *Martin* (1889), 132 U. S. 91, 33 L. Ed. 275, 10 Sup. Ct. 321; *Mak-Saw-Ba Club* v. *Coffin* (1907), 169 Ind. 204, 82 N. E. 461." See also *Gray* v. *Gray* (1930), 202 Ind. 485, 176 N. E. 105; *Enmeier* v. *Blaize* (1931), 203 Ind. 303, 179 N. E. 783; *Brown* v. *Pasko* (1936), 102 Ind. App. 220, 200 N. E. 430.

With these precedents as our guide, let us examine the record before us for the purpose of determining whether or not there was a final judgment rendered from which this appeal could be prosecuted.

It appears that the appellee's predecessor in the trust brought suit against the appellant, John F. Gaeth, to collect a promissory note executed by the said Gaeth to the Washington Company, and by it assigned to the Washington Bank and Trust Company, and to foreclose a real estate mortgage given by John F. Gaeth and his wife Mayme Gaeth to secure the payment of said note. After the execution of this mortgage and before the bringing of this action John F. Gaeth, who had been divorced from his wife, Mayme Gaeth, conveyed the real estate involved to one Mary A. Law by deed of conveyance in which the said Mary A. Law as a part of the consideration for said conveyance assumed and agreed to pay the mortgage on the real estate which had been executed by the Gaeths. The appellee made John F. Gaeth, Mayme Gaeth, and Mary A. Law parties defendants to his action to collect the note and foreclose the mortgage given to secure its payment. During

the pendency of this cause in the lower court, Mary A. Law died and the appellant John C. Overman, as administrator of her estate, was substituted as party defendant to the action. Mayme Gaeth was defaulted. John F. Gaeth and John C. Overman as administrator of the Mary A. Law estate filed separate answers in three paragraphs to the appellee's complaint. Each paragraph of answer alleged the same facts, the first was a general denial. the second pleaded payment, the third alleged that the Washintgon Bank and Trust Company was indebted to Mary A. Law as a depositor thereof in the sum of $3,540 which was due and unpaid and asked to have the sum of money set off against any sum found due and owing to the appellee. The appellee filed a reply in general denial to the second and third paragraphs of said answers.

The appellants, John F. Gaeth and John C. Overman, administrator, also filed separate cross-complaints in one paragraph against the appellee alleging substantially the same facts, to wit: that under the terms and conditions of the deed from Gaeth to Mary A. Law, she assumed and agreed to pay the mortgage in suit and as a part consideration for the conveyance of the real estate involved; that she was a depositor of the Washington Bank and Trust Company; that as such depositor said Trust Company was indebted to her in the sum of $3,540, which sum was due and unpaid; that said Trust Company was hopelessly insolvent, prayed for a judgment against said Trust Company for the amount due and owing the Mary A. Law estate on said deposit and that it be set off against any sum found due the appellee on said note and mortgage. To each of these cross-complaints, the appellee filed an answer in general denial.

The record shows that the cause was submitted to the court for trial on the issues as above outlined. "And

the court having heard the evidence and being duly advised in the premises finds for the plaintiff (appellee) on the complaint, and for the cross-defendant (appellee) on the cross-complaints of Gaeth and Overman, Administrator, that each and all of the separate and several allegations of the plaintiff's (appellee's) complaint are true." Then follows a judgment for the appellee upon the note, foreclosing the mortgage, directing a sale of the mortgaged real estate on decretal order and an application of the funds in the manner usual in foreclosure proceedings, and that upon failure of the mortgaged premises to sell for a sum sufficient to pay the judgment of the appellee with interest and costs, that the residue thereof should be levied upon the property of the Gaeths subject to execution and sale, in satisfaction thereof.

Except as indicated in that part of the record quoted above, there is no reference to the issues tendered by the cross-complaints and answers thereto and there is no judgment of any kind whatsoever rendered or entered upon said issues and as to them the cause was not finally disposed of in the lower court.

All of the issues of law and fact not having been fully determined and the case completely disposed of so far as the trial court had power to do, we conclude that the judgment from which this appeal is sought to be prosecuted is not a final judgment within the contemplation of the statute.

Appeal dismissed.