LENFESTY *v.* BAXTER ET AL.

[No. 15,975. Filed June 1, 1938.]

*Francis E. Thomason* and *Paul V. Wycoff,* for appellant.

*Harvey Hartsock,* for appellees.

WOOD, J.—The appellant, as plaintiff below, brought suit against the appellees, Emery Baxter and John Overman, as defendants, to recover damages for personal injuries. May 8, 1936, the appellant filed an amended complaint against both of the appellees. The appellee Overman answered the complaint by a general denial. The appellee Baxter filed a separate demurrer to the amended complaint for insufficiency of facts to state a cause of action as to himself. This demurrer was sustained. The appellant declined to plead further as to the appellee Baxter and elected to abide by the court's ruling on Baxter's demurrer to the complaint. Thereupon the court rendered judgment in words and figures as follows:

"It is therefore considered and adjudged by the court that the plaintiff take nothing by its complaint as to defendant Emery Baxter, and that said defendant recover its costs herein from the plaintiff, taxed at $............, and this cause is continued as to the defendant John Overman."

It is the duty of the court in every appeal to first determine whether it has jurisdiction of the cause, and this is so, whether the question is presented for consideration of the court by the parties or not, and if, upon an examination of the record, it appears to the court that it does not have jurisdiction of the cause, it must dismiss the appeal on its own motion. *Michigan, etc., Co.* v. *Frankel* (1898), 151 Ind. 534, 50 N. E. 304; *Fitch* v. *Long* (1902), 29 Ind. App. 463, 64 N. E. 622; *Everett Piano Co.* v. *Bash* (1903), 31 Ind. App. 498, 68 N. E. 329; *Yakey* v. *Leich* (1906), 37 Ind. App. 393, 76 N. E. 926; *Jenkins* v. *Steele* (1913), 55 Ind. App. 11, 102 N. E. 139, 103 N. E. 365; *Smith* v. *Graves* (1915), 59 Ind. App. 55, 108 N. E. 168; Ewbank's Manual of Practice, §219a; *Catherwood* v. *McIntyre* (1934), 99 Ind. App. 220, 192 N. E. 109.

In the recent case of *Brown* v. *Pasko* (1936), 102 Ind. App. 220, 221, 200 N. E. 430, in discussing judgments from which appeals could be prosecuted, this court said: "The right to appeal is of statutory origin. It is a remedy given by statute and not a vested right. *Collins* v. *Laybold* (1914), 182 Ind. 126, 133, 104 N. E. 971; *Catherwood* v. *McIntyre* (1934), 99 Ind. App. 220, 192 N. E. 109. Our statute (Burns' Ind. Ann. 1933, §2-2301, section 471, Baldwin's Ind. St. 1934) gives the right of appeal only from final judgments. In the case of *Wayne Sewer & Drain Co.* v. *Ward Cowen Const. Co.* (1919), 72 Ind. App. 437, 125 N. E. 64, this court, in discussing what constitutes a final judgment, said: 'A final judgment is one that at once disposes of all the issues, as to all parties involved in the controversy presented by the

pleadings, to the full extent of the power of the court to dispose of the same, and puts an end to the particular case as to all of such parties, and all of such issues.' Many authorities are cited to sustain this conclusion, and our Supreme Court denied a petition to transfer. Later decisions are to the same effect. See *Wisconsin Lumber & Coal Co.* v. *Wall* (1926), 84 Ind. App. 642, 151 N. E. 830; *Wall* v. *City of Muncie* (1929), 201 Ind. 170, 166 N. E. 659; *Gray* v. *Gray* (1931), 202 Ind. 485, 492, 176 N. E. 105." See also *Enmeier* v. *Blaize* (1932), 203 Ind. 303, 179 N. E. 783.

Since the record shows conclusively that a final judgment was not rendered in the lower court, disposing of all the issues as to all the parties involved in this cause, this court does not have jurisdiction to entertain this appeal, and it is dismissed.