BROWN ET AL. *v.* NATIONAL LIFE INSURANCE COMPANY OF WASHINGTON COUNTY, VERMONT.

[No. 16,935. Filed February 3, 1943.]

*Mart J. O'Malley* and *Lawrence E. Carlson,* both of Huntington, for appellants.

*Herbert B. Spencer,* of Huntington, and *Maurice Brubaker,* of Fort Wayne, for appellee.

DRAPER, J.—The appellants filed their complaint seeking the specific performance of a written contract to purchase land in Huntington County. The appellee filed answer and a cross-complaint whereby it sought to quiet its title to the land and to obtain an injunction against the appellants to prevent the recording of the contract. The appellants filed answer to the cross-complaint and thus the issues were joined on the complaint and the cross-complaint.

A request for special findings of fact and conclusons of law was made, and the court found the facts specially, favorably to the appellants and stated its conclusions of law as follows:

"1. That the law is with the plaintiffs and that plaintiffs are entitled to have the contract executed November 30, 1939 carried out on condition that the plaintiffs shall on or before July 5, 1941 pay into the office of the Clerk òf the Huntington Circuit Court said sum of $1,511.46, together with any tax paid by the defendant for the year 1940,

due and payable in the year 1941, with seven per cent (7%) interest thereon from date of payment of such tax, and that the defendant shall on or before August 1, 1941, bring into Court a good and sufficient warranty deed and at the same time the plaintiffs herein shall execute to said defendant their note for the sum of $8,750.00 which note shall show a credit of $250.00 and secure the same by executing to said defendant a first mortgage upon said real estate described in Finding No. 1, and plaintiffs shall also procure and maintain fire and tornado insurance in a reliable company on the buildings now on said land or that shall thereafter be erected thereon for the amount of their insurable value with endorsement thereon of loss, if any, payable to the defendant or its assigns as mortgagee and deposit said policy of insurance, together with the abstract of title to said premises with the defendant, until said mortgage is fully paid. Said note and mortgage to be executed according to the forms now used by the defendant herein, the plaintiffs and the wives of each of the plaintiffs, if any, shall join in the execution of said note and mortgage.

"II. That the plaintiffs recover of and from the defendant the costs of this action taxed at $——— and that the plaintiffs have specific performance as asked in plaintiffs' complaint.

"III. That upon the failure of plaintiffs to pay in full the amounts as set out in these conclusions within the time fixed that plaintiffs take nothing by their action and that the defendant recover its costs."

Thereafter the court rendered judgment in the cause as follows:

"It now appears to the Court that the plaintiffs have failed to pay to the Clerk of the Court the sum of $1,511.46 as provided in the court's finding of facts and conclusions of law, and it is now adjudged by the Court that the plaintiffs take nothing in this action and that the defendants recover their costs.

"IT IS THEREFORE CONSIDERED AND ADJUDGED by the Court that the plaintiffs herein take nothing in this action and that the defendants recover their costs."

No findings of fact were made in so far as the issues presented by appellee's cross-complaint, which was neither dismissed nor otherwise disposed of, is concerned and the judgment is silent with reference thereto. It does not appear that the judgment herein rendered was upon the motion of either party.

At the outset we are confronted with the assertion contained in appellee's brief that this court is without jurisdiction to review the proceedings, and that this appeal should be dismissed by the court because the record affirmatively shows that no judgment whatever was rendered on the issue formed on the cross-complaint of the appellee and the answer of appellants thereto, and that therefore there is no final judgment from which an appeal may be taken. No motion to dismiss the appeal was filed by the appellee.

The appellants counter with the proposition that the judgment as rendered is sufficient to preclude either party from asserting anything concerning said property in any court so long as the judgment stands unreversed; that since the facts were found specially and conclusions of law thereon were stated, the court will give no consideration to the pleadings nor the rulings thereon, and that if the appellee desired to present any question upon the cross-complaint it should have moved the court to make a finding thereon and to render judgment either for or against it based upon the cross-complaint.

It is well settled in this State that it is the duty of the court in every appeal to first determine whether it

has jurisdiction of the cause, and this is so whether or not the question is presented for consideration of the court by the parties; and if upon an examination of the record it appears to the court that it does not have jurisdiction of the cause, it must dismiss the appeal on its own motion. *Lenfesty* v. *Baxter* (1938), 105 Ind. App. 396, 15 N. E. (2d) 103; *Gaeth* v. *Hack, Rec.* (1937), 103 Ind. App. 466, 8 N. E. (2d) 1022, and cases therein cited.

Our statute (§ 2-3201, Burns' 1933) gives the right of appeal only from final judgments. The right to appeal is of statutory origin. It is a remedy given by statute and is not a vested right. *Brown* v. *Pasko, Trustee* (1936), 102 Ind. App. 220, 200 N. E. 430.

Our courts over a long period of years have variously defined a final judgment. It has been said that a judgment or decree to be final within the meaning of the word "judgment" in the statute must terminate the litigation between all parties on the issues of the case *made by the pleadings* so that if the judgment or decree be affirmed the court which had initial jurisdiction and to which court jurisdiction is revived upon the case being remanded, would have nothing to do but to execute the judgment or decree it had rendered. *Enmeier* v. *Blaize* (1932), 203 Ind. 303, 179 N. E. 783, and cases cited, and the court therein further says that a judgment must dispose of all the issues in the case which affect any and all the parties to make it final. That a final judgment is a judgment which disposes of the subject-matter of the action as to all of the parties so far as the court before which it is pending has power to dispose of it. *City of Indianapolis* v. *Ramsay* (1930), 90 Ind. App. 616,

169 N. E. 595. That a final judgment is one that at once disposes of all the issues, as to all the parties involved in the controversy presented by the pleadings, to the full extent of the power of the court to dispose of the same, and puts an end to the particular case as to all of such parties, and all of such issues. *Brown* v. *Pasko, Trustee* (1936), 102 Ind. App. 220, 200 N. E. 430, quoting *Wayne Sewer, etc., Co.* v. *Ward Cowen Constr. Co.* (1920), 72 Ind. App. 437, 125 N. E. 64. In the case of *Wisconsin, etc., Coal Co.* v. *Wall* (1926), 84 Ind. App. 642, 151 N. E. 830, the judgment is silent as to a cross-complaint seeking the foreclosure of a mortgage. The court held that there was no final judgment from which to appeal and that the court was without jurisdiction, and such examples could be multiplied. It seems obvious that, measured by the yardstick of the foregoing definitions, the judgment in the instant case lacks finality.

Where a fact is maintained by one side and controverted by the other an issue of fact is presented. Issues arise on the pleadings. § 2-1201, Burns' 1933. It is true that where there is a special finding of facts and conclusions of law are stated thereon, any antecedent ruling overruling a demurrer to any pleading becomes harmless, even though erroneous, if the conclusions of law stated are valid and the facts found are within the issues. *New Albany Trust Company* v. *Nadorff* (1940), 108 Ind. App. 229, 27 N. E. (2d) 116; and in the case of *Brown* v. *Pasko, Trustee* (1928), 87 Ind. App. 301, 159 N. E. 467, cited by the appellant, it was said that, the court having found the facts specially, no consideration would be given to the pleadings in the case, nor to the rulings of the court thereon. Yet the finding of facts and

conclusions of law cannot dispense with the *issues* between the parties as presented by the pleadings. *E. R. Newland Co.* v. *Strauss* (1933), 97 Ind. App. 292, 186 N. E. 355; *New Albany Trust Company* v. *Nadorff, supra.*

If it be assumed, because of the absence of any findings to support the allegations of the cross-complaint that its material averments were not proved, we still find ourselves in the same position. There was no disposition of the *issue* formed by the cross-complaint and answer. *E. R. Newland Company* v. *Strauss, supra.* See also *Daegling* v. *Strauss* (1915), 59 Ind. App. 672, 109 N. E. 920.

It is true that there is authority in Indiana to the effect that one claiming to be entitled to more complete relief than is afforded in a judgment should take proper steps in the trial court to correct the judgment, but we do not consider them of controlling importance in the instant case.

It is also true that it has been held that a party will sometimes be deemed, by his conduct, to have abandoned his cross-complaint and to have waived his right to have the issues thereby tendered determined. *Rawlings* v. *Vreeland* (1921), 76 Ind. App. 209, 127 N. E. 786. But such is not the case here.

Applying the rules announced above to the situation as disclosed by the record in the instant case, we must hold that no final, appealable judgment has been entered in this cause in the court below. In the light of this holding, other questions raised need not be considered.

We do not pass upon the correctness or sufficiency of the conclusions of law nor upon the propriety or

692

sufficiency of the form of the judgment entered herein in the light of said conclusions.

Appeal dismissed.

NOTE.—Reported in 46 N. E. (2d) 246.