## MORGAN v. STATE OF INDIANA.

[No. 22,278.   Filed March 4, 1913.]

1. CONSTITUTIONAL LAW.—*Construction.*—*Validity of Statutes.*—It is the duty of the courts to uphold a statute if it possibly can be done without violence to the Constitution, and in doing so every reasonable presumption must be indulged in favor of the legality of the act.   p. 303.

2. STATUTES.—*Subjects and Title.*—*Validity.*—*Insane Criminals.*—Under Art. 4, §19, of the Constitution, providing that every act shall embrace but one subject and matters properly connected therewith, which subject shall be embraced in the title, §16½ of the act of March 5, 1909 (Acts 1909 p. 202), providing that if a male defendant in a felony case has interposed the defense of insanity and there has been a finding for him on such plea, but against him as to the commission of the act charged, he shall, upon the order of the court be committed to and confined in the Indiana colony for the insane criminals, is void as not being embraced in the title of the act, which refers to care, etc., of insane convicts.   p. 303.

3. CONSTITUTIONAL LAW.—*Equal Protection of the Law.*—*Discrimination by Reason of Sex.*—*Act for Confinement of Insane Criminals.*—Section 16½ of the act of March 5, 1909 (Acts 1909 p. 202). providing that if a male person charged with a felony shall interpose the defense of insanity, and there shall be a finding for him on such plea, but against him as to the commission of the act charged, he shall, upon the order of the court be committed to and confined in the Indiana colony for the insane criminals, conflicts with the 14th amendment to the Constitution of the United States, providing that no State shall deny to any person within its jurisdiction the equal protection of the law, and is therefore void.   p. 305.

4. CONSTITUTIONAL LAW.—*Due Process of Law.—Insane Criminals.* —Section 2071 Burns 1908, Acts 1905 p. 584, §200, providing that when a person tried for a public offense is acquitted on the sole ground that he was insane at the time of the commission of the act charged, the fact shall be found by the jury in the verdict, or by the court, if tried by it, and the defendant shall not be discharged, but shall be forthwith proceeded against upon the charge of insanity in conformity to the procedure prescribed for the admission of the insane, except that no preliminary statement in writing shall be required, and making the verdict of the jury or finding of the court *prima facie* evidence of his insanity, provides for due process of law within the meaning of the 14th amendment of the Constitution of the United States. pp. 306, 307.

5. CRIMINAL LAW.—*Verdict.—Construction.*—A verdict in a prosecution for murder finding the defendant not guilty but finding that he killed the decedent at the time and place charged in the indictment, and finding that defendant was insane at the time he committed the act, is sufficient to warrant the conclusion that the jury found him not guilty because he was insane and for that reason only. p. 307.

6. CRIMINAL LAW.—*Appeal.—Judgments Appealable.—Commitment to Insane Hospital.*—An order for the commitment of a person to an insane hospital is essentially a judgment by which he is deprived of his liberty and an appeal may be taken therefrom. p. 308.

From Vigo Circuit Court; *Charles M. Fortune,* Judge.

Prosecution by the State of Indiana against Calvin Morgan for murder. From a judgment committing him to be confined in the Indiana Hospital for Insane Criminals, the defendant appeals. *Reversed.*

*Frank R. Miller, Robert E. Guinn* and *Thomas F. O'Mara,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

ERWIN, J.—This was a prosecution by the State of Indiana against the appellant, on a charge of murder. The indictment herein was returned by the grand jury of Vermillion County, and on an application for change of venue the case was sent to the Vigo Circuit Court. To the indictment the

defendant entered a plea of not guilty, and also filed a special plea in writing, alleging that at the time of the alleged commission of the crime, that he, appellant, was of unsound mind. Trial by a jury which returned a verdict as follows: "We, the jury find the defendant not guilty, and find that the defendant did kill Bert Hardy at the time and place charged in the indictment, and find that the defendant was insane at the time he committed such act. Joseph Gilbert, Foreman."

The defendant thereupon moved the court, that he have judgment discharging him, which motion, without setting it out in full, was for the following reasons: (1) that the defendant is now under no charge, by reason of his acquittal; (2) that §16½ of the act of March 5, 1909, Acts 1909 p. 202, is unconstitutional and void, both under the Constitution of the United States and of this State; (3) that defendant cannot be held under §2071 Burns 1908, Acts 1905 p. 584, §200, for the reason that said section is unconstitutional and void, and further that the verdict found him not guilty, but failed to state it was for the sole reason that he was insane at the time of the commission of the act. This motion was overruled by the court, to which ruling the defendant at the time excepted, and assigns said ruling as error. The court thereupon entered the finding "that defendant is not guilty of the crime with which he is charged in the indictment herein, and further finds that the defendant did kill Bert Hardy at the time and place charged in the indictment, and finds that the defendant was insane at the time of the commitment of such act," and on said finding entered judgment that defendant (appellant) be committed to and confined in the Indiana Hospital for Insane Criminals, so long as his insanity shall continue. To this judgment appellant excepted and appeals to this court.

The assignment of errors presents the question whether after the return of a verdict of not guilty, the court has any authority, to summarily commit the defendant to the In-

diana Hospital for Insane Criminals, as provided under §16½ of the act of the General Assembly, approved March 5, 1909 (Acts 1909 p. 202), or whether defendant is entitled to his discharge, unless proceedings are had under §2071 Burns 1908, *supra*, in relation to persons acquitted of crime under a plea of insanity. In support of his contention appellant insists that §16½ of the act of March 5, 1909, Acts 1909 p. 202, is unconstitutional and void, being in contravention of §19, article 4 of the Constitution of the State of Indiana, in that the subject matter of §16½ is not within the title of the act; that said §16½ is void, as being in conflict with the provision of the 14th amendment to the Constitution of the United States, in that he is now confined without due process of law; that said §16½ is void for the reason that it is in further conflict with the 14th amendment to the Constitution of the United States, in that it denies to this defendant the equal protection of the law, and that said section includes only *male* and does not include *female* defendants; and that a verdict of acquittal entitles the defendant to his discharge.

It is the duty of the courts to uphold the acts of the legislature if it can possibly be done, without doing violence to the Constitution, and in doing so, every reasonable

1.  presumption must be indulged in favor of the legality of the act. *State, ex rel.*, v. *Roby* (1895), 142 Ind. 168, 184, 41 N. E. 145, 33 L. R. A. 213, 51 Am. St. 174; *State* v. *Louisville, etc., R. Co.* (1912), 177 Ind. 553, 96 N. E. 340, 342; *State* v. *Barrett* (1909), 172 Ind. 169, 87 N. E. 7, and cases cited; *Barrett* v. *State* (1911), 175 Ind. 112, 93 N. E. 543; *Hirth-Krause Co.* v. *Cohen* (1912), 177 Ind. 1, 97 N. E. 1; *Booth* v. *State* (1913), *post* 405, 100 N. E. 563.

The title of the act in question (Acts 1909 p. 202), reads as follows: "An Act authorizing and providing for the establishment of a 'hospital for insane criminals'.

2.  as a part of the 'Indiana state prison', making appropriations therefor, providing for its government

and maintenance, defining the manner of holding insanity inquests in cases of convicts alleged to be insane and for their transfer and discharge, repealing all laws in conflict and declaring an emergency." Section 16½, *supra*, of said act reads as follows: "After the passage of this act, if upon the trial of any male person accused of a felony the defense of insanity is interposed whether upon a special plea or a general plea of not guilty, the court or jury trying said cause shall make a finding both as to the sanity of said defendant at the time so claimed and as to whether he committed the act as charged. And if it shall be found in favor of said defendant on such plea of insanity, but against him as to the commission of the act as charged, he shall, upon order of the court be committed to and confined in the Indiana colony for the insane criminals in like manner and on such conditions and for such terms as is now provided for by law for the confinement of insane criminals in a state hospital for the insane." It will be observed that the title of the act refers to "insane convicts," their care, manner of holding inquests, in cases of convicts alleged to be insane, for their transfer and discharge; but nowhere refers to procedure in criminal trials, or in what manner patients other than convicts may be admitted to such institutions. Section 19 of article 4 of the Constitution of Indiana, reads as follows: "Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title. But if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be expressed in the title". We are inclined to conclude that as the subject of §16½ is not included in the title of the act, the same is in conflict with §19, article 4 of the Constitution and is therefore void. *State, ex rel.,* v. *Board, etc.,* (1906), 166 Ind. 162, 198, 76 N. E. 986; *Henderson* v. *London, etc., Ins. Co.* (1893), 135 Ind. 23, 34 N. E. 565, 20 L. R. A. 827, 41 Am. St. 410; *Wabash R. Co.* v. *Young*

(1904), 162 Ind. 102, 69 N. E. 1003, 4 L. R. A. (N. S.) 1091; *Ex parte Knight* (1906), 52 Fla. 144, 41 South. 786, 120 Am. St. 191.

We are of the opinion that the most serious objection to §16½ of the act in question is the one presented by appellant, that said section is in violation of the last clause of the 14th amendment to the Constitution of the United States, wherein it provides "Nor shall any state deny to any person within its jurisdiction the equal protection of the law." Section 16½ provides that upon the trial of any male person, etc., and does not include females. In the case of *Duncan* v. *Missouri* (1893), 152 U. S. 377, 382, 14 Sup. Ct. 570, 38 L. Ed. 485, the court, speaking by Chief Justice Fuller, uses the following language: "Equal protection of the laws are secured, if the laws operate on all alike, and do not subject the individual to an arbitrary exercise of the powers of government." In the case of *Gulf, etc., R. Co.* v. *Ellis* (1897), 165 U. S. 150, 17 Sup. Ct. 255, 41 L. E. 666, it being a case arising under a law of the state of Texas, wherein it provided that any person having a claim against *any railway company* shall be entitled to recover attorney's fees, etc., the court, speaking by Justice Brewer, used the following language: "But it is said that it is not within the scope of the 14th amendment to withhold from states the power of classification, and that if the law deals alike with all of a certain class it is not obnoxious to the charge of a denial of equal protection. While, as a general proposition, this is undeniably true, * * * yet it is equally true that such classification can not be made arbitrarily. The State may not say that all white men shall be subjected to the payment of attorney's fees of parties successfully suing them and all black men not. It may not say that all men beyond a certain age shall be alone thus subjected, or men possessed of a certain wealth. These are distinctions which do not furnish any proper basis for the

attempted classification. That must always rest upon some difference which bears a reasonable and just relation to the act in respect to which the classification is proposed, and can never be made abitrarily and without any such basis." In the case of *Atchison, etc., R. Co.* v. *Matthews* (1899), 174 U. S. 96, 19 Sup. Ct. 609, 43 L. Ed. 909, the court speaking by Justice Brewer, on page 104 says: "It is also a maxim of constitutional law that a legislature is presumed to have acted within constitutional limits, upon full knowledge of the facts, and with the purpose of promoting the interests of the people as a whole, and courts will not lightly hold that an act duly passed by the legislature was one in the enactment of which it has transcended its power. On the other hand, it is also true that the equal protection guaranteed by the Constitution forbids the legislature to select a person, natural or artificial, and impose upon him or it burdens and liabilities which are not cast upon others similarly situated." In the case of *Yick Wo* v. *Hopkins* (1886), 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220, a case involving the legality of an ordinance of San Francisco, designed to prevent the Chinese from carrying on the laundry business, the court in holding the ordinance obnoxious to the provisions of the 14th amendment, in effect held that courts will look beyond the mere letter of the ordinance to the condition of things as they existed in San Francisco, and determine whether under the guise of regulation, an arbitrary classification was intended and accomplished. We are constrained to hold under the authorities above cited that §16½, Acts 1909 p. 202, is void as denying to the appellant the equal protection of the law and obnoxious to the 14th amendment of the Constitution of the United States.

It is contended further by appellant that he was entitled to his discharge on account of the form of the verdict, and that he could not be held under §2071 Burns 1908, Acts 1905 p. 584, or proceeded against or held under this statute for the reason that this section is also

4.

void as being in conflict with the provisions of the 14th amendment to the Constitution of the United States, in that it deprives the appellant of his liberty without due process of law. We do no think this section is subject to the infirmities suggested by counsel, as it provides the procedure to be followed, and directs that "The proceedings shall conform to those prescribed for the admission of the insane, but no preliminary statement in writing shall be required". We think this section of the statute provides for due process of law as contemplated by the Constitution. §2071 Burns 1908, Acts 1905 p. 584, §200, reads as follows: "When a person tried upon an indictment or affidavit for a public offense is acquitted on the sole ground that he was insane at the time of the commission of the offense, the fact shall be found by the jury in the verdict, or by the court, if tried by it, and the defendant shall not be discharged, but shall be forthwith proceeded against upon the charge of insanity; and the verdict of the jury or finding of the court shall be *prima facie* evidence of his insanity. The proceedings shall conform to those prescribed for the admission of the insane, but no preliminary statement in writing shall be required."

The verdict returned in this cause finds the defendant not guilty, but does find that he killed Bert Hardy at the time and place charged in the indictment, and finds that

5. the defendant was insane at the time he committed the act. This is sufficient to warrant us in concluding that the jury found him not guilty because he was insane and for that reason only.

We are of the opinion that §2071, *supra,* is constitutional and not obnoxious to the 14th amendment to the Constitution of the United States. It is to be understood by

4. this opinion, and we do hold that in a proper case, a defendant acquitted of a criminal charge, on the ground of insanity, may be detained, temporarily until proceedings may be instituted under §2071, *supra,* authorizing an investigation into the insanity of the defendant, and

that a defendant having been acquitted of a criminal charge might be, by proper and lawful proceedings, confined in an insane hospital for treatment, or confined under the statute providing for the detention of insane persons dangerous to run at large.

It is contended by counsel for appellee, that the order of the court, committing the appellant to the Indiana Hospital for Insane Criminals is not a final judgment from which an appeal will lie. In this we think him in error. An order for the commitment of a person to an insane hospital, is essentially a judgment by which he is deprived of his liberty. *In re Lambert* (1901), 134 Cal. 626, 66 Pac. 851, 55 L. R. A. 856, 86 Am. St. 296.

The judgment of the Vigo Circuit Court committing appellant to the Indiana Hospital for Insane Criminals is reversed, with instructions to discharge the appellant from the Indiana Hospital for Insane Criminals, and the superintendent of said institution is hereby directed to return said prisoner to the custody of the sheriff of Vigo County, to be forthwith proceeded against under the provisions of §2071, *supra,* and on failure to do so that he be discharged.

NOTE.—Reported in 101 N. E. 6. See, also, under (1) 8 Cyc. 801; (2) 36 Cyc. 1025, 1035; (3) 8 Cyc. 1075, 1076; (4) 8 Cyc. 1087, 1093; (5) 12 Cyc. 695; (6) 12 Cyc. 799; 22 Cyc. 1136. As to the province of courts in respect of construing statutes, see 12 Am. St. 826. As to the title of a statute and its sufficiency when referring to the body in a general way only, see 64 Am. St. 73. As to the constitutionality of a statute providing for special punishments, see 25 Am. St. 885. As to acts in violation or not of the constitutional provision insuring due process of law, see 20 Am. St. 556. For a discussion of the right of a defendant in a criminal case to appeal from a verdict of guilty, but insane at the time of the commission of the crime, see Ann. Cas. 1912 A 462.