LOUDEN ET AL. *v.* ELICE.

[No. 24,222.   Filed December 19, 1924.]

1. APPEAL.—*Judgments from Which Taken.—Final Judgment Defined.*—Under §671 Burns 1914, an appeal can only be taken from a "final judgment," which is one that finally decides and determines the subject-matter of the litigation so far as the court has power to dispose of it.   p. 509.
2. APPEAL.—*Final Judgment.—Proceeding to Have Highway Recorded.*—A judgment for costs against a remonstrant in a proceeding to have a highway entered of record, as having been used more than twenty years, is not a final judgment from which an appeal may be taken.   p. 509.

From Clark Circuit Court; *James W. Fortune,* Judge.

Proceeding by Attilio Elice to have a highway entered of record as having been used more than twenty years. From the judgment rendered, James Louden, a remonstrant, appeals. *Appeal dismissed.*

*James L. Bottorff,* for appellant.

EWBANK, J.—Appellee, Elice, filed with the board of commissioners of Clark county, Indiana, a petition to ascertain, describe, and enter of record a highway in that county running south from the New Washington and Bethlehem road one-half mile along the line dividing sections 35 and 36, township 2 north, range 9 east, and also dividing sections 1 and 2 in township 2, of the same range, as having been used for travel by the general public more than twenty years. Notices were duly posted, and after hearing evidence, the board of commissioners found that the highway of a width of eighteen feet throughout its entire length on the route described had been used by the general public for more than twenty years, and ordered it recorded. Appellant Louden filed an appeal bond and the cause was transferred to the circuit court. Upon a hearing in that court, witnesses testified that for more than forty-five years, the road was open for travel and was traveled over this route and beyond to the next "pike" south of the New Washington and Bethel road, but that, about fifteen years before the trial, the part at the south end was closed up and fenced in, since which time the half mile described in the petition had remained open and in use as the only means of access to several farmhouses, the occupants of which and their visitors traveled over it. Different witnesses testified that the way as traveled was from eighteen to thirty feet in width, several saying it was nineteen feet wide. The court made a special finding, on which it stated conclusions of law to the effect that the road as described should be ascertained and entered of record, and that the costs should be taxed against appellant Louden. to each of which conclusions appellant excepted.

The judgment was as follows: "And the court, being sufficiently advised, now renders judgment on its findings and conclusions of law for the petitioner A. Elice

against the remonstrant James Louden and that the said petitioner recover his costs." But there was no judgment purporting to decide the issue as to whether or not the highway in question should be recorded as one established by use for more than twenty years. No motion was made to modify the judgment. After the court had overruled his motion for a new trial, Louden served notices of an appeal in vacation and filed in the Supreme Court his transcript and an assignment of errors, by which he calls in question the sufficiency of the evidence, and the sufficiency of the special finding of facts.

But we are not required to decide whether or not there is any insufficiency in the evidence or finding for which the judgment would have to be reversed, 1. if the case were properly before us. An appeal will lie only from a final judgment (§671 Burns 1914, §632 R. S. 1881), and a final judgment is one that finally decides and determines the subject-matter of the litigation, so far as the court before which the proceeding is pending has power to dispose of it. *Terre Haute, etc., R. Co.* v. *Indianapolis, etc., Trac. Co.* (1906), 167 Ind. 193, 197, 78 N. E. 661; *Starkey* v. *Starkey* (1906), 166 Ind. 140, 142, 76 N. E. 876; Ewbank's Manual (2nd ed.) §82.

Obviously a mere judgment for costs against one of the parties did not decide, determine and dispose of the subject-matter of an action to ascertain, de- 2. scribe and enter of record a road alleged to have become a highway by continuous use for more than twenty years.

For lack of a final judgment from which to appeal, the attempted appeal must be dismissed.

The appeal is dismissed.