## METZGER ET AL. *v.* HAMP ET AL.

[No. 12,796. Filed May 19, 1927.]

1. APPEAL.—A judgment denying a petition to be made a party defendant is a final judgment from which an appeal will lie. p. 216.

2. COUNTIES.—*Error to refuse taxpayers who had remonstrated against bond issue the right to intervene in proceeding, to enjoin county auditor from certifying remonstrance to State Board of Tax Commissioners.*—Within fifteen days after notice was given by a county and city of their intention to issue bonds for their part of the expense of the improvement of certain streets under what is known as "the Connecting Link Road Law" (Acts 1921 p. 687, §§10456-10459 Burns 1926), pursuant to §201 of the 1919 tax law as the same was amended by Acts 1923 p. 264, §14240 Burns 1926, the appellants, as taxpayers, filed with the county auditor their remonstrance against the bond issue and also filed their petition for a review of the bond issue by the State Board of Tax Commissioners. Two days later, certain persons commenced a proceeding to enjoin the county auditor from making the certification and a temporary restraining order was issued without notice and the matter was set for hearing. Before the issues were closed, the appellants filed a petition to be made defendants, showing their interest in the matter before the court, but their petition was denied. *Held,* that the court erred in denying their petition to intervene. p. 217.

From Marion Superior Court (A 34,872) ; *Clinton H. Givan,* Judge.

Proceeding by Bertha M. Hamp and others to enjoin Harry C. Dunn as county auditor from certifying to the State Board of Tax Commissioners remonstrating taxpayers' petition for a review of a proposed bond issue for a public improvement, in which proceeding, such taxpayers filed their petition to be allowed to intervene as defendants. From a judgment denying the petition, the petitioners appeal. *Reversed.* By the court in banc.

*Fred A. Sims, William L. Taylor, Charles Martindale, William C. Harrison* and *Willis C. Nusbaum,* for appellants.

*Walker & Hollett* and *William Bosson,* for appellees.

REMY, J.—In October, 1925, under what is known as the Connecting Link Road Law (Acts 1921 p. 678, §§10456-10459 Burns 1926), the board of public works of the city of Indianapolis adopted a preliminary resolution for the improvement of Baltimore and Hillside avenues in the city. Pursuant to the provisions of the statute, the board of commissioners of Marion county entered into an agreement with the city for the construction of the improvement, it being agreed that approximately twenty per cent. of the cost was to be assessed against the property abutting the streets to be improved, the remainder to be paid, one-half by the county and one-half by the city. The contract for the improvement having been awarded, the city and county, through their proper officers, gave notice of intention to issue bonds to provide funds with which to pay their respective shares of the improvement. Whereupon, on February 23, 1926, pursuant to §201 of the general statute concerning taxation, as the same was amended (Acts 1923 p. 264, §14240 Burns 1926), appellants, as taxpayers who would be affected by the bond issue, filed with Harry C. Dunn, auditor of Marion county, their remon-

strance against the bond issues; together with their remonstrance, they filed their petition for a review of the bond issues by the State Board of Tax Commissioners. Two days later, but before appellants' petitions were certified to the state board, appellees, other than Dunn, commenced a proceeding to enjoin. the auditor from making the certification, no one but Dunn being made defendant. A temporary restraining order was issued without notice, and the matter was set for hearing. Before the issues were closed, appellants appeared and offered for filing their intervening petition asking to be made parties defendant; in which petition, they set forth, among other things, that they were taxpayers who would be affected by the bond issues, that they had signed remonstrances against the bond issues, which remonstrances they had caused to be filed with the county auditor as provided by law, and that they had a meritorious defense which they would make if their petition should be granted. To the filing of the intervening petition, appellees objected. The court sustained the objection, and rendered judgment accordingly, the order and judgment being as follows: "And the plaintiffs at this time object to the filing of said intervening petition, and the court being duly advised in the premises now sustains said objections, and leave to file said petition is denied, to which ruling of the court said petitioners except. It is therefore considered and adjudged by the court that leave to file said intervening petition be and it is hereby denied, and that said petitioners pay the costs on said petition taxed at $3.05." Appeal is from this judgment.

It is well settled in this jurisdiction that a judgment denying an intervener's petition to be made a party defendant is a final judgment from which an

1.    appeal will lie. *Northern Indiana Land Co.* v. *Brown* (1914), 182 Ind. 438, 106 N. E. 706.

Metzger *v.* Hamp—86 Ind. App. 214.

It is provided by §201 of the tax act, *supra*, that ten or more taxpayers who will be affected by any proposed issue of bonds by a municipal corporation, may, within fifteen days after notice that a bond issue had been determined upon by the proper officers of the municipality, file with the auditor of the county in which the municipal corporation is located their objections to such bond issue. The statute further provides that upon the filing of the objections, "the county auditor shall immediately certify a copy thereof, together with such other data as may be necessary in order to present the questions involved, to the State Board of Tax Commissioners," who shall provide for a hearing within thirty days, the decision of the board to be final. When, in the instant case, the objections to the bond issues were filed, the auditor did not, as provided by the statute "immediately certify" the same to the state board; and two days later, the certification not having been made, he was enjoined from so doing by the issuance of a temporary restraining order. It is in that proceeding that appellants are asking by their intervening petition to be made parties. The county auditor, who was the sole defendant, had no interest in the result of the injunction suit. A decision either way could not affect his interest. On the other hand, appellants, from the time of filing their objections and their petition for a review by the State Board of Tax Commissioners, had a vested right to have the bond issues considered by such board; having such vested right, they were proper parties, and the action of the court in refusing to permit them to file their intervening petition was an abuse of the court's discretion, and was reversible error.

Dausman, J., absent.