LIGHTHILL ET AL. *v.* GARVIN, RECEIVER, ET AL.

[No. 16,344.   Filed June 17, 1940.]

*E. Miles Norton*, of Crown Point; *George P. Rose* and *Charles E. Daugherty*, both of Gary; and *Jesse W. Gammon*, of Indianapolis, for appellants.

*Walter Myers*, of Indianapolis; *George E. Hershman*, of Crown Point; *Crumpacker & Friedrich* and *Jay E. Darlington*, all of Hammond; and *M. W. Malczewski*, of Gary, for appellees.

DE VOSS, J.—The Meyer-Kiser Bank of Indianapolis, Indiana, a corporation, filed its complaint in the Lake Circuit Court against the Joseph Broadway Realty Company, a corporation, and others, alleging indebtedness due and owing to it from defendants in the sum of $15,329.59, and further alleging the insolvency of said Joseph Broadway Realty Company and praying for the appointment of a receiver for said Joseph Broadway Realty Company. Thereafter on September 8, 1931, a hearing was had on the petition for appointment of a receiver and James J. Kelley was appointed and qualified as such receiver and has since said time acted as

receiver of said Joseph Broadway Realty Company. Thereafter Thomas E. Garvin, as receiver of the Meyer-Kiser Bank, was substituted as plaintiff in said cause. Thereafter the demands sued upon were submitted to the court for trial and there was a finding and judgment for said Thomas E. Garvin, receiver of the Meyer-Kiser Bank, against James J. Kelley, receiver of the Joseph Broadway Realty Company, in the sum of $18,338.60. On June 14, 1938, Charles Baran, Incorporated, filed his petition to intervene and the issues formed thereon were submitted to the court and the court found that petitioner Charles Baran, Incorporated, was entitled to an equitable lien upon the real estate of said Joseph Broadway Realty Company in the sum of $45,015.60, and further found for said petitioner on his tax claim in the sum of $800.00. The court also made an order fixing the time and terms of the receiver's sale of all of the property of the said Joseph Broadway Realty Company.

Thereafter appellant Sydney Lighthill, on behalf of himself and others similarly situated, filed his verified petition to intervene, to which petition were attached divers affidavits.

Thereafter on August 2, 1938, appellee James J. Kelley, receiver of the Joseph Broadway Realty Company, filed his motion for a new trial on the intervening petition of Charles Baran, Incorporated.

Thereafter on August 3, 1938, appellants Mae C. Berling, Mary Fletemeyer and Louise Fletemeyer filed their separate verified petitions to intervene, which petitions were each accompanied by divers affidavits, and on said day last above mentioned appellees Thomas E. Garvin, receiver of the Meyer-Kiser Bank of Indianapolis, James J. Kelley, receiver of the Joseph Broadway Realty Company, filed their separate verified

motions to strike out and reject the petitions to intervene of Sydney Lighthill, Mae C. Berling, Mary Fletemeyer, and Louise Fletemeyer; and Charles Baran and Charles Baran, Incorporated, filed their joint verified motion to strike out and reject the petitions to intervene of Sydney Lighthill, Mae C. Berling, Mary Fletemeyer and Louise Fletemeyer, and on said August 3, 1938, said motions to strike out were partially submitted to the court and were continued for a further hearing until August 15, 1938.

On August 15, 1938, oral arguments on the motions to strike out appellants' several petitions to intervene .were heard and the further hearing on said motions was continued for the filing of documentary evidence.

On August 23, 1938, appellants Sydney Lighthill and Mae C. Berling tendered for filing their separate verified applications for a change of venue from the judge.

Various affidavits were filed by appellants in support of their petitions to intervene, as were also filed affidavits by appellees in support of their motions to strike out the petitions to intervene and in response to said petitions to intervene. Various motions were made by appellants to strike out affidavits filed by appellees in support of motions to strike out petitions to intervene.

Motions to strike out affidavits of appellees filed in support of motion to strike out petitions to intervene were filed by appellants.

Appellants Sydney Lighthill, Mary Fletemeyer, Louise Fletemeyer and Mae C. Berling filed their joint petition and request for an opportunity to present oral argument upon the petitions filed and motions to strike the same from the files.

On the 13th day of September, 1938, the court made and entered the following entry and decree, towit:

"Come again the parties hereto and the Court now resumes the consideration of the motions of the judgment plaintiff, Thomas E. Garvin, Receiver of the Meyer-Kiser Bank of Indianapolis, Indiana, an Indiana corporation, James J. Kelley as Receiver of the Joseph Broadway Realty Company, and Charles Baran and Charles Baran, Incorporated, to strike out the petitions of Sidney Lighthill, Mae C. Berling, Mary Fletemeyer and Louise Fletemeyer to intervene, the issue on which was submitted and begun on August 3rd, 1938, and having examined all affidavits and counter-affidavits supporting and resisting said motions to strike, and having previously heard arguments on said motions, and being duly advised in the premises, now sustains each of said motions to strike out each of said petitions to intervene; the Court now finds that the motions of said Sidney Lighthill, Mae C. Berling, Mary Fletemeyer and Louise Fletemeyer, requesting the court to consider affidavits and hear arguments are moot, requiring no further ruling, for the reason that the same have been substantially complied with; the court further finds that the motions of said Lighthill, Fletemeyer, Fletemeyer and Berling to strike out affidavits are moot, requiring no further ruling for the reason that the issue presented by said motions was determined by order of court of August 15th, 1938; and the Court further finds the tender and offer of said Lighthill and Berling, to file affidavits for change of venue relative to anticipated trial on their petitions to intervene to be moot, requiring no further ruling by reason of the sustaining of the motions to strike said petitions and further because hearing on said issues was in progress at the time said tender and offer was made. It is now by the court ordered that a reappraisement of property be made by a new board of appraisers to be appointed."

Appellants separately and severally excepted to each ruling of the court as to each separate motion ruled upon by the court in its entry made that day, and prosecuted this appeal therefrom.

Appellants in their brief under the heading "errors relied upon for reversal of the judgment" specify thirty errors which for the sake of brevity are condensed as follows: (1) The court erred in sustaining the separate motions of James J. Kelley, receiver of the Joseph Broadway Realty Company, Thomas E. Garvin, receiver of the Meyer-Kiser Bank of Indianapolis, Indiana, Charles Baran, and Charles Baran, Incorporated, to strike out the petitions to intervene of Sydney Lighthill, Mary E. Fletemeyer, Louise Fletemeyer and Mae C. Berling. (2) The court erred in failing and refusing to rule on the separate affidavits and motions for a change of venue from the judge as filed by Sydney Lighthill and Mae C. Berling. (3) The court erred in failing and refusing to rule on the separate motions of Sydney Lighthill, Mae C. Berling, Mary E. Fletemeyer, and Louise Fletemeyer for a day in court. (4) The court erred in refusing to strike out and strike from the files the affidavits and each of them tendered and filed in support of the motions of James J. Kelley, receiver of the Joseph Broadway Realty Company, Thomas E. Garvin, receiver of the Meyer-Kiser Bank of Indianapolis, Charles Baran, and Charles Baran, Incorporated, to strike out the intervening petitions of Sydney Lighthill, Mae C. Berling, Mary E. Fletemeyer, and Louise Fletemeyer.

Appellants predicate error on the sustaining of the motions of appellees to strike out the intervening petitions of appellants. The several motions are not set out in appellants' brief; however, the substance thereof is set out sufficiently to inform the court relative thereto. The petitions to intervene by the several appellants to which the motions to strike out were directed are likewise not set out in the brief, but from the statement as to the substance we are informed under the

heading "statement of the record" that petitioners are the owners of first preferred stock in the Joseph Broadway Realty Company, and that the receiver thereof, James J. Kelley, refused to rent the premises involved, permitted them to be occupied without adequate consideration, has negligently managed the property of the receivership and failed to hold a receiver's sale of the property pursuant to an order of court, and that he attempted to restrain bidders at the sale thereof, and that said receiver wholly failed to present evidence in defense of the claim of Charles Baran, Incorporated, on his intervening petition, and that the receiver has been guilty of fraud and collusion. That Charles Baran appeared before the court and induced the court to enter a judgment for the sum of $45,015.00 on his intervening petition. This we think is a good-faith effort to comply with the rules of this court. Numerous affidavits were filed by appellants in support of the petition to intervene as were affidavits filed by appellees in support of their motion to strike out the petition to intervene and in denial of facts charged in said petition and accompanying affidavits, the substance of some of them being set out in appellants' brief.

The section of our statute relative to the right to intervene is as follows:

"The court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court must cause them to be joined as proper parties. And when, in an action for the recovery of real or personal property, a person not a party to the action, but having an interest in the subject thereof, makes application to the court to be made a party, it may

order him to be made a party by the proper amendment." § 2-222, Burns' 1933.

Appellees contend that the ruling of the court upon the motion to strike out the petition to intervene is not a final judgment from which an appeal will lie. We do not agree with this contention. The record discloses that the petition to intervene and the intervening petition were filed as one pleading and that when the motion to strike out said petition was sustained an exception was taken by appellants and an appeal prayed. The ruling of the court appealed from was such a ruling that made a final disposition of the case as set out in the petition. It disposed of all the rights of petitioners therein sought to be asserted and terminated the issue raised by the petitions and motion to strike out as to the rights of petitioners to intervene, and is such a final judgment from which an appeal will lie. *Van Der Veer* v. *Union Trust Co., etc.* (1920), 73 Ind. App. 336, 126 N. E. 38; *Voorhees* v. *Indianapolis Car, etc., Co.* (1894), 140 Ind. 220, 39 N. E. 738; *Northern Ind. Land Co.* v. *Brown* (1914), 182 Ind. 438, 106 N. E. 706; *Jesswein* v. *LaSalle State Bank* (1935), 101 Ind. App. 79, 198 N. E. 101.

From the substance of the petition to intervene it is noted that the petitioners do not assert an adversary claim against the estate in the hands of the receiver, neither do they seek to intervene for the purpose of adjudicating any question adverse to the receivership.

Petitioners allege that the trial court was induced to enter a judgment in favor of Charles Baran, Incorporated, in the sum of $45,015.60 on his intervening petition. The record discloses that the receiver has filed a motion for a new trial therein. We are informed

by appellees' brief that since this appeal the motion has been sustained and a new trial granted.

As stockholders in the Joseph Broadway Realty Company, petitioners were represented in the proceedings by the receiver. Petitioners were not necessary parties to the adjudication of any matter involved in the proceedings but by their petition seek to inform the court of irregularities in the receivership. Under the circumstances disclosed by the record herein the question of intervention was a matter within the sound discretion of the court and there has been no abuse thereof.

Among the cases considered by the court in arriving at this conclusion, see: *Laiskomis* v. *Federal Land Bank of Louisville* (1936), 210 Ind. 577, 4 N. E. (2d) 204; *Marcovich* v. *O'Brien, Auditor* (1916), 63 Ind. App. 101, 114 N. E. 100; *Van Der Veer* v. *Union Trust Co., etc., supra; Voorhees* v. *Indianapolis Car, etc., Co., supra; Siegel* v. *Archer* (1937), 212 Ind. 599, 10 N. E. (2d) 626; *Forsyth* v. *American Maize Products Co.* (1915), 59 Ind. App. 634, 108 N. E. 622.

Appellants further predicate error of the trial court in refusing to rule on the separate motions of appellants Lighthill and Berling for a change of venue from the judge.

The judgment of the trial court relative to the filing of motions for change of venue from the judge is as follows:

". . . and the court further finds the tender and offer of said Lighthill and Berling, to file affidavits for change of venue relative to anticipated trial on their petitions to intervene to be moot, requiring no further ruling by reason of the sustaining of the motions to strike said petitions and further because hearing on said issues was in progress at the time said tender and offer was made. . . ."

The affidavits and motion for change of venue from the judge are not set out in appellants' brief and we are not informed relative thereto except by the statement in the brief that said affidavit "substantially charged prejudice on the part of the court," and that the affidavit alleged "prejudice, interest and bias on the part of the judge."

The record discloses that the petition of appellant Lighthill to intervene was filed on July 21, 1931, and the petitions of other appellants to intervene were filed August 3, 1938. On August 3, 1938, separate motions of appellees to strike from the files the purported intervening petitions of appellants were filed. There appears the following entry by the court under said date:

"This cause is thereupon submitted to the court for hearing on the motion to strike filed on this day, and the court having heard said motions in part this cause is continued for further hearing on said motions to August 15, 1938."

On August 15, 1938, further arguments were heard on the motions to strike out and the cause was further continued to August 25, 1938, for filing of documentary evidence.

On August 23, 1938, appellants Lighthill and Berling tendered for filing their separate affidavits for change of venue from the judge.

It has long been established that an affidavit for a change of venue must be filed before commencement of the submission of the cause, and it appears without question that the offer to file such affidavits was not timely made. *Watson's Works' Indiana Practice*, Vol. I, p. 691, § 1035, and cases cited therein.

It is further contended by appellants that the court erred in failing to rule on the motion for a "day in

court." The brief of appellants does not contain a copy of this motion, neither are we apprised by the brief of the substance thereof. It appears from the record that on divers occasions appellants were in court and were heard in the matter, and the final order of the court under date of September 13, 1938, from which this appeal is taken, discloses that arguments were previously heard by the court. Evidently appellants did have a day in court, and upon the failure of appellants to set out a copy or the substance of the motion alleging a specific reason why an additional day in court should be granted, the ruling of the trial court will not be disturbed, for the reason that the questions raised on said motion are waived by such failure and cannot be considered.

It is next contended by appellants that the court erred in refusing to strike out the affidavits filed in support of the motions to strike out the intervening petitions.

Appellants had filed their various petitions to intervene. Incorporated in these various petitions were alleged reasons why said petition to intervene should be granted. Leave of court never was granted appellants to intervene and up to the time of the striking out of said petitions to intervene said appellants were not parties to the matter in issue, except as stockholders who were represented by the receiver.

The matter of determining the right of appellants to intervene was a matter within the discretion of the court and in the exercise of such discretion the court had the right to entertain such information, either by direct evidence or by way of affidavit, as would in its opinion assist him in arriving at a just conclusion of the matter.

Appellants filed various affidavits in support of their petitions to intervene and it is apparent that the court considered all affidavits and counter-affidavits supporting and resisting said motions to strike out the intervening petitions.

It was not error for the court to refuse to strike out the various affidavits filed in support of the motion to strike out the petition to intervene.

We have considered the questions raised on this appeal, and after examining the record are of the opinion that there is no reversible error disclosed, and the judgment of the trial court is affirmed.

Curtis, J., not participating.

NOTE.—Reported in 27 N. E. (2d) 911.