HARSHBERGER *v.* STATE OF INDIANA.

[No. 29,171. Filed February 10, 1955.]

*Harry E. Vernon*, of Goshen, for appellant.

*Edwin K. Steers*, Attorney General, *Owen S. Boling* and *Richard M. Givan*, Deputy Attorneys General, for appellee.

EMMERT, J.—The State of Indiana has filed a motion to dismiss this appeal, which must be sustained.

On June 2, 1952, the State of Indiana filed an affidavit charging appellant with the misdemeanor of operating a motor vehicle while he was under the influence of intoxicating liquor. He entered a plea of not guilty, and after submission to a jury, it returned a verdict as follows: "We, the jury, find the defendant, Wilbur L. Harshberger, guilty as charged in the affidavit, and find his age to be 34 years."

On October 3, 1953, appellant filed what he designated as a motion for a discharge.

On November 23, 1953, the court made the following entry:

"Defendant in Court by counsel and defendant's motion to set aside verdict is now sustained and defendant's motion for discharge is now overruled and upon the Court's own motion a new trial is granted in this cause."

Later, appellant filed a motion to reconsider the ruling on his motion for discharge, which was overruled. Thereafter appellant filed his praecipe for an appeal.

It is not necesary now to decide whether the procedure adopted by appellant or by the court was proper, but the court did grant a new trial. This is not a final judgment from which an appeal lies. *State* v. *Spencer* (1883), 92 Ind. 115; 2 Gavit, Ind. Pl. & Pr. §468, p. 2430; Flanagan, Wiltrout & Hamilton, Ind. Trial & App. Pr. §2158, p. 36. No statute or rule of court authorizes an appeal from such an interlocutory order.

Appeal dismissed.

Gilkison, C. J., Bobbitt, Levine and Achor, JJ., concur.

NOTE.—Reported in 124 N. E. 2d 211.