DESHO *v.* STATE OF INDIANA.

[No. 29,579. Filed October 28, 1957.]

*Paul Reed,* of Knox, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—The appellant was charged with murder in the first degree and entered a plea of not guilty by reason of insanity. Upon the suggestion of his attorney the court held a pre-trial hearing for the purpose of determining whether or not "the defendant has comprehension sufficient to understand the nature of the criminal action against him and the proceedings thereon and to make his defense," as provided in Acts 1951, ch. 238, §2, p. 682, being §9-1706a, Burns' 1956 Replacement.

After appointing physicians and hearing the evidence on the issue, the trial court found that the appellant understood the nature of the criminal action and had sufficient comprehension and understanding to make his defense in conformity with the above statute. The court then ordered the appellant to stand trial and

fixed a trial date. Thereupon, the appellant petitioned the trial court for a continuance of the case until he could appeal from the adverse ruling at the pre-trial hearing. The continuance was granted and appellant then filed a motion for a new trial, alleging as reasons therefor that the finding was not sustained by sufficient evidence and was contrary to law. From an overruling of the motion for a new trial the appellant appeals to this court.

The State has filed a motion to dismiss this appeal on the ground that it is not taken from a final judgment under the terms of Acts 1905, ch. 169, §324, p. 584, being §9-2301, Burns' 1956 Replacement.

1. The above statute extends to the defendant the right to appeal "from any judgment in a criminal action against him." Civil appeals are covered by Acts 1881 (Spec. Sess.), ch. 38, §628, p. 240, being §2-3201, Burns' 1946 Replacement. There appears to be little if any difference between the right to appeal from "all final judgments" in civil cases, and the right to appeal from "any judgment" in a criminal action. Ewbank, Criminal Law (Symmes Ed.), Sec. 527; *Bozovichar* v. *State* (1952), 230 Ind. 358, 103 N. E. 2d 680; *Montgomery* v. *State* (1914), 182 Ind. 276, 106 N. E. 370; *Smith* v. *State* (1956), 234 Ind. 691, 131 N. E. 2d 148; *Farrell* v. *The State* (1855), 7 Ind. 345; 2 Flanagan, Indiana Trial and Appellate Practice, Sec. 2158.

A final judgment which is appealable has been generally stated to be one which disposes of all the issues as to the parties to the full extent of the power of court to dispose of same and puts an end to the particular case and all the issues involved. *Champ et al.* v. *Kendrick, Trustee* (1892), 130 Ind. 545, 30 N. E. 635; *Louden* v. *Elice* (1924), 195 Ind. 507,

145 N. E. 763; *Enmeier* v. *Blaize* (1932), 203 Ind. 303, 179 N. E. 783; 2 Flanagan, Indiana Trial and Appellate Practice, Sec. 2152.

Thus, for example, an appeal may be taken where a judgment is entered on the granting of a plea in abatement and the action is adjudged to be abated, but not where the plea is denied and the action proceeds to trial on the merits. *Bluffton, etc., Co.* v. *Moore-Mansfield, etc. Co.* (1916), 60 Ind. App. 567, 109 N. E. 406; 2 Flanagan, Indiana Trial and Appellate Practice, Sec. 2153.

So, a denial of a petition to intervene is such a final judgment that a petitioner may appeal therefrom, but an order granting a petition to intervene is not one from which an appeal may be taken. *Northern Ind. Land Co.* v. *Brown* (1914), 182 Ind. 438, 106 N. E. 706; *Voorhees* v. *The Indianapolis Car and Manufacturing Company et al.* (1895), 140 Ind. 220, 39 N. E. 738; *Metzger* v. *Hamp* (1927), 86 Ind. App. 214, 156 N. E. 582; *Lighthill* v. *Garvin, Receiver* (1940), 108 Ind. App. 187, 27 N. E. 2d 911; *Ray* v. *Moore, Administrator et al.* (1898), 19 Ind. App. 690, 49 N. E. 1083.

Likewise, an appeal may be taken from a judgment upon the overruling of a motion for a new trial, but not from the granting of a motion for a new trial. *Harshbarger* v. *State* (1955), 234 Ind. 127, 124 N. E. 2d 211; *Colchen* v. *Ninde et al.* (1889), 120 Ind. 88, 22 N. E. 94; *State ex rel.* v. *Cox, Judge* (1923), 193 Ind. 519, 141 N. E. 225; *The State* v. *Spencer* (1883), 92 Ind. 115.

Many other instances of similar nature may be cited, but it is clear from the examples given above that in

those cases where an appeal from a final judgment is proper, the action or proceeding is terminated for all practical purposes, while in those cases where there is no right to appeal, the ruling or decision does not end the action or proceeding, but it goes on for a further and final determination.

In the case before us the pre-trial hearing on sanity was held in order to decide whether the court should proceed to the trial on the merits. The determination of the defendant's mental competency to stand trial was nothing more than a procedural step in an attempt to give the defendant a fair trial with due process of law. It was not a hearing on the merits. The pre-trial hearing on the question of mental competency to stand trial has many of the same characteristics and is of much the same effect as the overruling of a motion to quash an indictment. There is no appeal by a defendant from such an adverse ruling, although the sustaining of a motion to quash might terminate the proceedings from which the state might appeal. *Erganbright* v. *The State* (1897), 148 Ind. 180, 47 N. E. 464; Ewbank, Criminal Law (Symmes Ed.), Sec. 527.

The trial court may commit error in some of the procedural steps in such instances, but unless the proceedings are terminated finally by the ruling of the court, the party must proceed to trial and final judgment, in the meantime merely reserving and saving the alleged error until the final determination of the case. In an appeal from a final judgment in the case, such alleged errors, if properly saved, may then be presented. This procedure is made manifest by the statute itself, which provides for appeals in criminal cases.

"... and, upon the appeal, any decision of the court or intermediate order made in the progress

of the case may be reviewed." Acts 1905, ch. 169, §324, p. 584, being §9-2301, Burns' 1956 Replacement.

The appellant cites *State ex rel. Butsch* v. *O'Harrow, Judge* (1943), 221 Ind. 301, 47 N. E. 2d 613. There the court found the defendant insane in a pretrial hearing under the same Act with which we are concerned here. (Acts 1951, ch. 238, §2, p. 682, being §9-1706a Burns' 1956 Replacement, *supra*). This court intimated in that opinion that the defendant could have appealed therefrom, and having failed to do so, it was a final adjudication and his counsel had no further authority to represent him; and that he could be represented only by counsel appointed by his guardian or by the court. That case is analogous to the sustaining of a plea in abatement from which judgment an appeal may be taken because the proceedings have been terminated. The present case before us is comparable to the denial or overruling of a plea in abatement, and as a result the cause must proceed to a trial on the merits. If the appellant had been found incompetent to make a proper defense, or in other words, insane, such a finding and ruling would have abated the criminal proceedings at least for the time, and would thus have been appealable. *Morgan* v. *State* (1913), 179 Ind. 300, 101 N. E. 6.

The appellant also emphasizes strongly the case of *Bozovichar* v. *State, supra*. In that case this court, in a three to two decision, granted an appeal following a hearing to be released upon bail asked by an appellant charged with murder. A statute in Indiana grants the right on petition for a writ of *habeas corpus* to be heard on the question of being let to bail upon an indictment for murder in the same court in which the

charge is pending. Acts 1905, ch. 169, §154, p. 584, being §9-1035, Burns' 1956 Replacement.

From such a judgment in the *habeas corpus* proceeding the law further gives the right to appeal. Acts 1921, ch. 251, §1, p. 741, being §2-3218, Burns' 1946 Replacement. In the *Bozovichar* case the plea for bail was presented by a motion to the court instead of by a petition for a writ of *habeas corpus*. It seems to us that the nomenclature given the pleadings should not determine the basic right to appeal. On that theory, the *Bozovichar* case can easily be harmonized with the past precedents of this court. We further observe that, if the right to appeal from a denial of bail were delayed until a final determination of the case on the merits, it would be of no value, and the question would always be moot at that late date.

More recently this court, in the case of *Smith* v. *State*, *supra*, had occasion to consider the question of the right of a defendant in a criminal case to appeal from an intermediate ruling made before the final determination of the criminal prosecution. In that case the defendant sought to withdraw his plea of guilty made in a city court when he appealed from that court to the circuit court. There we held that a denial of the request to change the plea was not a severable and adjudicated issue from which an appeal could be made, since no judgment had as yet been entered and the punishment and sentence was yet to be determined in the circuit court. Again this court cited the analogy of a ruling and judgment entered following a hearing on a plea in abatement.

After applying the same reasoning to the facts in the present case and additionally considering the wording of the statute granting appeals in criminal cases, we are constrained to hold that there is no final judg-

316

ment at this time in the criminal proceedings from which the appellant may appeal. *The State* v. *Uptgraft et al.* (1899), 153 Ind. 232, 54 N. E. 802.

The petition to dismiss is sustained and this appeal is dismissed.

Emmert, Landis and Achor, JJ., concur.

Bobbitt, J., concurs in results.

NOTE.—Reported in 145 N. E. 2d 429.