HOFFMAN *v.* SCHROEDER.

[No. 19,532. Filed May 22, 1961.]

*Rocap, Rocap & Reese* and *John A. Young,* of counsel, both of Indianapolis, for appellant.

*Marshall F. Kizer,* of Plymouth, *R. Stanley Lawton, George B. Gavit* and *Ross, McCord, Ice & Miller,* of counsel, all of Indianapolis, for appellee.

Ax, C. J.—Appellee, plaintiff below, initiated this lawsuit by the filing of a first paragraph of a complaint for personal injuries. Appellant, defendant, filed answer in denial under Rule 1-3.

As an affirmative second paragraph of answer, the appellant plead the execution of a release as a bar to the plaintiff's action.

To complete the forming of the issues in the case, the plaintiff filed a reply to the defendant's affirmative answer. This reply avoided the purported release on the basis of rescission.

Upon motion of the defendant-appellant, the trial court ordered a preliminary trial by the Court, without a jury, on the equitable issues in the lawsuit pertaining to the release. Trial on these equitable issues resulted in a finding and judgment for the plaintiff-appellee and the release was ordered rescinded and set aside.

It is solely from this finding and judgment that the defendant-appellant purports to appeal herein, assigning as error the overruling of his motion for a new trial.

Appellee has filed herein his motion to dismiss this appeal or to suspend consideration of this appeal, alleging that the issues formed by appellee's complaint and first paragraph of answer in denial, to-wit, issues pertaining to negligence and damage, have not yet been tried or disposed of, and that this purported appeal is therefore premature since it is an appeal from a judgment that is not final and did not dispose of all of the issues in the action and did not fully and finally settle the rights and liabilities of the parties.

Civil appeals are covered by Acts 1881 (Spec. Sess.), ch. 38, §628, p. 240, 1959, ch. 25, §1, p. 75, §2-3201, Burns' 1960 Supplement.

"A final judgment which is appealable has been generally stated to be one which disposes of all the

issues as to the parties to the full extent of the power of the court to dispose of same and puts an end to the particular case and all the issues involved." *Desho* v. *State* (1957), 237 Ind. 308, 145 N. E. 2d 429; *Champ et al.* v. *Kendrick, Trustee* (1892), 130 Ind. 545, 30 N. E. 635; *Louden* v. *Elice* (1924), 195 Ind. 507, 145 N. E. 763; *Enmeier* v. *Blaize* (1932), 203 Ind. 303, 179 N. E. 783; 2 Flanagan, Indiana Trial and Appellate Practice, §2152.

It is obvious that the judgment entered in this case on the equitable issues pertaining to the release has not disposed of all the issues to the full extent of the power of the Court, and has not put an end to the case involved.

It is true that some of the authorities have stated that a judgment as to a separate and distinct part of a case can be appealed as a final judgment. The exception applies, as is stated in the case of *Bozovichar* v. *State* (1952), 230 Ind. 358, 103 N. E. 2d 680.

". . . wherein an issue distinct, entire and complete within itself may be formed; an issue divisible and distinct from all others, *the decision* of which does not effect the main action." (Emphasis supplied.)

Although the issues formed in this case in regard to the effect of the release might be termed "distinct" from the other issues of the case, such an issue cannot legitimately be termed an issue "divisible . . . from all others"; nor can it be called a decision which "does not effect the main action."

Obviously, the judgment in regard to the release has meaning and importance only insofar as it does effect the right of a court or jury to adjudicate the issues as to negligence and damages set forth in the complaint. In fact, the judgment in regard to the release has no practical importance, or effect, unless and until the issues as to negligence and damages are adjudicated.

The opinion of the Court in the case of *Seaney Extr. Etc.* v. *Ayres et al.* (1958), 238 Ind. 493, 151 N. E. 2d 295, sets forth adequately the reasons for limiting appeals to those final judgments which completely dispose of a case. On page 498 of that opinion, it is stated:

"It is readily apparent that it is in the interest of the early determination of lawsuits that orderly processes of trials be not unnecessarily interrupted by the taking of needless appeals.

"Limitations on the right of taking appeals are generally imposed by statute because of the policy that litigation should not proceed piecemeal, that limitless intermediate appeals would unduly delay the final disposition of litigation and that a complete disposition of the matter in the trial court may make an appeal moot."

In the case at bar, if for any reason the issues in regard to negligence or damages are determined on first trial adversely to appellee, the present purported appeal would, of course, become moot.

If appellee should be successful on the trial of the issues pertaining to negligence and damages, this Court would quite possibly be faced with an appeal relating to the trial of those issues. If so, it is apparent that an appeal on all issues at the same time would be beneficial to the parties and to the Court.

The ruling of the trial court not being a final judgment, appellee's Motion to Dismiss the appeal is sustained and the appeal is dismissed.

Pfaff, P. J., Cooper, Bierly, Myers, Gonas, Ryan and Kelley, JJ., concur.

NOTE.—Reported in 175 N. E. 2d 139.