In the Matter of the GUARDIANSHIP OF Olen V. COFFEY, Protected Person.

INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION, INDIANA MEDICAID PROGRAM, Appellant,

v.

Olen V. COFFEY, Protected Person, Appellee.

No. 33S01–9311–CV–1272.

Supreme Court of Indiana.

Nov. 16, 1993.

Pamela Carter, Atty. Gen., Daniel E. Morris, Deputy Atty. Gen., Indianapolis, for appellant.

Kit C. Dean Crane, Yergin and Yergin, New Castle, for appellee.

PER CURIAM.

Acting upon proper petitions, the Henry Circuit Court appointed a guardian for one Olen V. Coffey on grounds that Coffey was unable to care for himself or his estate. Counsel for the guardianship later asked the court to approve a regular payment for the services of the guardian, a fixed sum for the earlier services of a guardian ad litem, and an attorney fee for services rendered by counsel in successfully appealing a Medicaid determination for Coffey.

The court approved these expenses and ordered them paid by the Indiana Family and Social Services Administration, through its Henry County Office of Family and Children Services. It ordered that office to reallocate the amounts payable to Olen under Medicaid in order to make these payments to the guardian, the guardian ad litem, and counsel. Neither Indiana FSSA nor its Henry County office were parties to any of the foregoing proceedings, nor did they receive any notice about them.

Upon receiving the trial court's order to reallocate Olen's Medicaid, FSSA initiated an appeal in the Indiana Court of Appeals. It noted that it had not been a party and had not received any notice, and it asked that the trial court's order be vacated. Counsel for the guardianship moved to dismiss, asserting that under Ind.Code Ann. § 34–1–47–1 (West 1992 Supp.) appeals from judgments rendered in the circuit and superior courts may be taken only by those who were parties to the proceeding. The Court of Appeals granted the motion to dismiss. *Guardianship of Coffey*, No. 33A04–9212–CV–401, (Ind.App. June 30, 1993).

The Attorney General seeks transfer, citing *Commitment of T.J.* (1993), Ind.App., 614 N.E.2d 559, for the proposition that where a trial court orders a state agency to

assume financial responsibility for the care and maintenance of an individual without the agency having been a party, such order is voidable. While this represents a colorable claim of error by the trial court, counsel for the guardianship is correct that one cannot appeal a judgment entered in a proceeding in which one was not a party. FSSA should instead present its claim to the Henry Circuit Court by way of motion to intervene and a request for relief from judgment. From decisions on those petitions, an appeal may lie. *See, e.g., Metzger v. Hamp* (1927), 86 Ind.App. 214, 156 N.E. 582.

Accordingly, we grant the petition to transfer and affirm dismissal of the present appeal.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.

SULLIVAN, J., not participating.